## SUPREME COURT.

CHARLES DEVENDORF, receiver agt. DANIEL DICKINSON.

THE SAME agt. JAMES C. RICE.

THE SAME agt. MICHAEL H. SNELL.

GEORGE BELL, receiver agt. WILLIAM A. TAYLOR.

A *motion* to compel a *receiver* to pay a *judgment for costs* rendered against him, in an action brought by him in his official capacity, will be *denied with costs*, where there was no direction of the court that the plaintiff personally pay the judgment for mismanagement or bad faith in the action.

If the receiver had funds in his hands (which in this case he denied) upon which only was the judgment chargeable, they would be regarded as money in court, for the benefit of all the creditors.

The ground that the receiver *appealed* from the special to the general term from the judgment, although evidence of perseverance, was no evidence of mismanagement or bad faith.

That the receiver had been in possession of funds, within some recent period, sufficient to pay the judgment, or that he had paid other claims larger in amount than the judgment, were not sufficient grounds for granting such a motion.

The office and duty of receivers reviewed and discussed.

*Schenectady Special Term, June,* 1861.

THESE two motions are to compel the plaintiffs, receivers of insolvent insurance companies, to pay the judgments in favor of the defendants in the several actions above entitled, with the costs of these motions. The plaintiffs, as

Devendorf agt. Dickinson.

receivers, in their defence to the motions, set up that they have no means in their hands to pay the said judgments.

E. F. BULLARD, *for the motion in the first three actions.*
G. G. SCOTT, *for the motion in Bell agt. Taylor.*
D. P. COREY, *for the receivers in all the actions, opposed.*

POTTER, Justice.    The receiver brings these actions in his representative capacity, and the judgments for costs are chargeable *only* upon the fund which he represents, unless the court shall direct the plaintiff personally to pay the judgment for mismanagement or bad faith in the action. (*Code,* § 317.)    There is no evidence in the above cases that the court so ordered in the judgments themselves.    In deciding these motions it becomes necessary to take a slight review of the office and duties of this officer.

The receiver, in contemplation of law, is an indifferent person, and is appointed by the court for that reason.    He is supposed to be the honest representative of all parties interested in the fund entrusted to his care; and when appointed he becomes the officer of the court, bound to obey their orders and directions; and money or estate in his hands is regarded as being in the custody of the law, for whosoever shall eventually make title to it, though the court itself, in theory, has the care of the property, for the benefit of the party or parties ultimately entitled.

The receiver, while authorized to act as a party in prosecuting and defending actions, is but the creature of the court—as the custodian or trustee of the fund.    The court, however, is ever open to hear; and when complaint is made against him for misconduct, while acting under color of authority merely, they will hear and take cognizance of the complaint by motion or otherwise, and will administer justice between him and the parties interested.    (*Parker* agt. *Browning,* 8 *Paige,* 388.)    It is the duty of the receiver to protect the property entrusted to him to the best of his

Devendorf agt. Dickinson.

ability; but, as the interests of the claimants are often various and conflicting, and sometimes involved in doubt, he must keep it for all. (*Iddings* agt. *Pruen*, 4 *Sand. Ch.*, 427.) But he has no powers conferred to pay or liquidate demands at his option; nor can he exercise any other powers, except such as are conferred upon him by the order made for his appointment, or such as he obtains by a special order of the court, or by the usual course and practice of the law of equity. (2 *Paige*, 452.)

If, therefore, there was any fund in the receiver's hands, (which he denies) it would be regarded as money in court for the benefit of the creditors of this insolvent corporation, among whom are the judgment creditors, who make this motion. But what right or title to the moneys in court (if it was there) do these defendants show to entitle them to the order asked for by their motions? They show no bad faith or mismanagement of the action on the part of the receiver; that he still persevered, after being beaten at special term, and appealed to the general term, clearly is not such evidence; it is only evidence of perseverance, and nothing more; and this, doubtless, under legal advice. It may be meritorious rather than censurable. He may still persevere and appeal to a still higher court, and, perhaps, reverse the very judgments upon which these motions are based. Should he do so, and finally succeed, our adjudication now of his bad faith for perseverance would be ridiculously premature. Surely this court ought not to be asked to grant the motion on such a ground. It would be, in effect, the imposing of a penalty upon a party for disagreeing in opinion with the court, or for not yielding submissively to its first consideration of a question. Our remark, " that he is the creature of the court," applies to him only as the custodian or trustee of the fund; not to his independence as a party to an action. In the latter respect he is entitled to all the privileges of thought, and freedom to act, of any other party.

Nor is it a good ground for granting the motions, that the receivers have been in possession of funds within some recent period, sufficient to pay these judgments. Nor is it good ground that the receivers have paid other claims larger in amount than these. In such a motion the receiver is not before the court to render a general account of his trust to them; all the parties in interest are not there to be heard; nor is he bound to render such an account to each particular creditor who brings him up on a like motion. I know of no such practice. If it has ever been entertained, it should be discouraged, and not followed. The trust fund is now in progress of collection, and in the midst of uncertain litigation. Suits in great numbers are depending, and upon all the varieties of possible issues. Creditors, who first began, and whose actions are, perhaps, still depending, and numerous others still in litigation, or yet to be involved in litigation, have as just a demand upon the fund in court, or in prospect, as those who ask for this relief.

The first action that happens to be determined has no superior equity upon the fund (if there shall be one,) over one who, perhaps, has been longer litigating, but whose action may be still depending; and it would be the highest inequity to order the receiver to pay one creditor in full, without evidence that there will ever be a fund to be divided, or sufficient means to defray the ordinary and necessary expenses incident to securing the claims now still in litigation. We cannot, without a precedent, convert such a motion into a creditor's bill. Nor is the fact that the receiver has paid apparently large bills to counsel and assistants, without an order of the court, any ground for such a motion. The receiver acts in all such matters at his peril; he has given adequate security to take care of the fund; his day of reckoning will come. All persons interested in the fund can, in a proper manner, call him to account. If, during the time he is litigating, he abuses the trust, or is squandering the fund, he can be removed or

restrained by the court; and at the final determination of · his trust he must answer for his indiscretion or abuse of the fund, and his sureties must respond to any inability on his part, or for his delinquency in paying any unauthorized or unreasonable demands.   Such demands will not be allowed in his accounting, merely because they have been paid by him.

If I have rightly viewed the character of his duties, his office, and the rights of other creditors, these motions cannot be granted; they must be denied with costs.