WALTER LOGAN, Appellant, v. THE McCALL PUBLISHING COMPANY, Respondent.

Under the provisions of the Code of Civil Procedure in reference to proceedings supplementary to execution (§§ 2435, 2452, 2458, 2463), such proceedings may be instituted against a foreign corporation having no agent and doing no business in this state, and a receiver of its property in this state may be appointed.

The policy of this state does not preclude a creditor of such a corporation from obtaining a preference upon assets here.

(Argued December 11, 1893; decided December 19, 1893.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made November 17, 1893, which affirmed an order of Special Term denying a motion to extend the receivership under an appointment in supplementary proceedings in a former action to the judgment in this action.

The facts, so far as material, are stated in the opinion.

*George W. Stephens* for appellant.   The Code, by its express terms, permits the maintaining of proceedings supplementary to execution in a case like this.  (Code Civ. Pro. §§ 1812, 2463.)   Unless a receiver can be appointed in supplementary proceedings, none can be appointed in the present instance in any other way.  (Code Civ. Pro. §§ 1810, 1812; *Stevens* v. *Page*, 4 Miss. 517; *Redmond* v. *Hoge*, 3 Hun, 171.)   There is nothing in the objection that supplementary proceedings cannot be maintained against a foreign corporation because of its not having a place of residence.  (Mora-

wetz on Priv. Corp. § 958; Foster's Fed. Pr. § 19; *St. Clair* v. *Cox*, 109 U. S. 350.) There is no objection to appointing a receiver in supplementary proceedings on the ground that it will give a judgment creditor a preference. ( *Varnum* v. *Hart*, 119 N. Y. 101.) The order of examination properly required the judgment debtor to appear. (Code Civ. Pro. § 2453.)

ANDREWS, Ch. J. The order of the Special Term, which was affirmed by the General Term, denied the motion to extend the receivership under an appointment in a prior action, to the judgment of the plaintiff in this action, on the ground that the provisions of the Code do not authorize supplementary proceedings against a foreign corporation in any case. It was held under the former Code that the provisions of that Code relating to supplementary proceedings applied to natural persons only. (*Hinds* v. *C. & N. F. R. R. Co.*, 10 How. 487; *Sherwood* v. *Buffalo, etc., R. R. Co.*, 12 id. 136.) These were cases of supplementary proceedings under judgments against domestic corporations, and it was decided that remedies against such corporations, in case of insolvency, must be had under the provisions of the Revised Statutes. In this case it appears that the defendant is a foreign corporation, not doing business in this state nor having any business or fiscal agency therein, or agency for the transfer of its stock, and by section 1812 of the Code of Civil Procedure such a corporation is excluded from the operation of section 1810, providing for the appointment of receivers of the property of corporations.

Section 2463 is a new provision and seems, by necessary implication, to authorize supplementary proceedings in a case like this. It declares : " This article does not apply where the judgment debtor is a corporation created by or under the laws of this state, or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state." The defendant is not one of the foreign corporations specified in section 1812. The article in which section 2463 is found is the one

regulating proceedings supplementary to execution. Section 2435 authorizes supplementary proceedings against a "judgment debtor," making no distinction between a natural person and a corporation. Section 2458 requires that the execution, in case the judgment debtor is not, when the execution is issued, a resident of the state, must have been issued to the sheriff of the county where the judgment roll is filed, unless the execution was issued out of a court other than that in which the judgment was rendered, and in that case to the sheriff of the county where the transcript of the judgment is filed. Section 2452 provides how an order for the examination may be served upon a corporation. The only limitation upon the right to take proceedings supplementary to execution against any class of debtors is contained in section 2463, and this plainly does not embrace a foreign corporation doing no business and having no agency in this state; and this was the situation of the defendant.

The case presented to the Special Term showed a compliance with all the conditions precedent to the maintenance of supplementary proceedings. The plaintiff had a valid judgment upon which execution had been issued to the proper county and returned unsatisfied. The defendant was a non-resident. It was not a corporation specified in section 1812. The plain implication from section 2463 rendered it subject to proceedings supplementary to execution. The policy of the state does not preclude the creditor of such a corporation from obtaining a preference upon assets here.

We think the orders of the Special and General Terms should be reversed, and that the matter should be remitted to the Special Term for further proceedings.

All concur.

Orders reversed.