A. D. MERRY, as Receiver of the Property of DWIGHT WILCOX, Appellant, v. DWIGHT WILCOX and Others, Respondents.

*Chattel mortgage — a delay of ten weeks before filing will invalidate the mortgage — rights of a bona-fide purchaser at a sale under the mortgage.*

A delay of two and one-half months before a chattel mortgage is filed, unexplained, is sufficient to invalidate the mortgage as against a judgment creditor of the mortgagor.

Where a mortgagee takes possession of the property by virtue of the mortgage, advertises it for sale and sells it to a *bona fide* purchaser before the creditor of the mortgagor has acquired any lien upon or interest in the property by virtue of legal proceedings, a *bona fide* purchaser at such sale obtains a valid title which he can maintain against a receiver of the property of the mortgagor appointed in proceedings supplementary to execution, instituted upon a judgment recovered against him.

APPEAL by the plaintiff, A. D. Merry, as receiver of the property of Dwight Wilcox, from a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Oswego on the 25th day of May, 1895, upon the decision of the court rendered after a trial at the Oswego Special Term dismissing the plaintiff's complaint upon the merits.

*Gill, Stilwells & White,* for the appellant.

*O. M. Reilly,* for respondents Howard Wilcox and William Greene.

PER CURIAM:

As indicated by the complaint, the purpose of this action was to procure a judgment adjudging that as against the plaintiff a chattel mortgage made by the defendant Dwight Wilcox to Howard Wilcox was void; that the title of William Greene, who purchased the property upon a sale under such mortgage, was invalid; that the plaintiff was the owner of the mortgaged property, and that the defendants be required to deliver it to him, or that an accounting be had with the defendants, and that they be required to pay the plaintiff the value thereof.

On October 18, 1894, the First National Bank of Syracuse recovered a judgment against Dwight Wilcox for $609.13, which was

entered in Onondaga county. On that day a transcript was filed, the judgment was docketed in Oswego county, and an execution was issued thereon to the sheriff of that county, where the defendant Dwight Wilcox then resided and now resides. Subsequently such proceedings were had that the plaintiff was duly appointed receiver of the property of the defendant Dwight Wilcox, and qualified as such. The order appointing him was entered in Onondaga county, and a copy thereof filed in Oswego county December 12, 1894.

On the 1st day of August, 1894, Dwight Wilcox was the owner of the property mentioned in the complaint, and for the purpose of securing Howard Wilcox for the sum of $400 loaned by him to Dwight Wilcox, the latter on that day executed and delivered to the former a chattel mortgage thereon. At the time the mortgagor was indebted to various persons, among others to the First National Bank of Syracuse for the claim upon which its judgment was recovered. The mortgagee intentionally retained the mortgage in his possession until the 17th of October, 1894, when it was filed in the office of the clerk of the town of Granby, where the mortgagor resided. On the twentieth day of October the mortgagee caused three notices to be posted in that town advertising the property for sale, under the power contained in the mortgage, and in pursuance of such notice sold it on the morning of October twenty-seventh to the defendant William Greene for $225. Since the sale the property has been in the possession of the purchaser, except a small portion, which remains in the hands of the mortgagor. The execution of this mortgage was not accompanied by any immediate delivery of the mortgaged property or followed by an actual or continued change of possession, nor was the mortgage filed until October 17, 1894.

The execution in favor of the bank was returned wholly unsatisfied before the commencement of this action, and before that time the plaintiff demanded of the mortgagee and of the purchaser the possession of the mortgaged property or payment of the value thereof. The defendant Howard Wilcox is irresponsible.

The mortgage was given and received to secure the payment of an honest debt, with no intention on the part of either the mortgagor or mortgagee to cheat or defraud the bank, or any other creditor. The property was purchased by the defendant Greene, without any notice or knowledge that the First National Bank

had any claim against the property, or that any person claimed any interest in it, except the mortgagor and mortgagee. The foregoing is a brief statement of the facts found by the trial court.

Upon these facts the Special Term held that the defendant Greene was a purchaser in good faith, for a valuable consideration and without notice, and that the defendants were entitled to a judgment dismissing the complaint upon the merits, with costs.

Upon filing this decision, a judgment was entered in accordance with it. The propriety of this judgment is challenged by the appellant. The appeal in this case was heard upon the judgment roll and exceptions only, and in determining it the facts as found by the trial court may be regarded as established. The broad question presented is whether upon the facts found the conclusions of law and judgment entered in pursuance thereof can be upheld.

As the mortgage in this case was not accompanied by an immediate delivery and a continued change of the possession of the property mortgaged, it was absolutely void as to the creditors of the mortgagor, unless the mortgage or a copy thereof was filed as required by chapter 279 of the Laws of 1833. The bank was a creditor as to which the mortgage was void. (*Karst* v. *Gane*, 136 N. Y. 316; *Stephens* v. *Perrine*, 143 id. 476; *Mandeville* v. *Avery*, 124 N. Y. 376.) In this case there was a delay of more than two and one-half months before the mortgage was filed, and there were no circumstances or facts found which indicated that any such delay was necessary. On the contrary, the court found that the mortgage was intentionally retained in the possession of the mortgagor from the time it was given until the date of its filing. Under such circumstances, the mortgage was void as against the claim of the bank. (*Karst* v. *Gane*, *supra*.) In that case it was held that while the statute of 1833 does not in terms require an immediate filing of a chattel mortgage to make it valid, yet prompt and diligent action on the part of the mortgagee is required. It was also held that in the absence of circumstances rendering the delay necessary, where there was a delay of six weeks after its execution in filing a chattel mortgage, such filing was not a compliance with the act.

Assuming then, as we must, that as to the creditor represented by the plaintiff, the mortgage was void, two questions are presented:

(1) Whether the plaintiff was entitled to recover from the mortgagee the proceeds of the property sold; and (2) whether Greene, who was a *bona fide* purchaser, acquired a valid title to the property as against the plaintiff..

We think the first question must be answered in the affirmative. *Mandeville* v. *Avery* (124 N. Y. 376) seems to be in point and decisive of the question. In that case it was held that although the mortgagee had an honest claim which the mortgage was given to secure, yet as there was no change of possession, and the mortgage was not properly filed, he could not as against a creditor of the mortgagor retain the property obtained by him under his mortgage, and that when the property had been taken and sold by virtue of the mortgage before any lien was obtained by the creditor, the mortgagee might be compelled by the creditor to refund the proceeds. Hence, the plaintiff was entitled to a judgment requiring the mortgagee to account for and pay over to the plaintiff the proceeds of the sale.

This leads us to consider whether the plaintiff could enforce any claim to the property against the defendant Greene, who was a *bona fide* purchaser. When he acquired his title neither the bank nor the receiver had any right to or interest in it. When the receiver was appointed the title which the mortgagor and mortgagee had in the property had been wholly divested. It had been previously transferred to a *bona fide* purchaser. It is true that the supplementary proceedings were instituted the day before the mortgage sale, but, under the Code of Civil Procedure, the title of the receiver did not extend back by relation to that time. The provisions of the Code which establish the time when the title shall vest in such a receiver, and when it shall extend back by relation to the commencement of the proceeding, declare that its provisions shall not affect the title of a purchaser in good faith without notice, and for a valuable consideration. (Code Civ. Proc. § 2469.)

If the property had been purchased by the mortgagee he would have acquired no title that could have been maintained against the creditor or receiver. (*Stephens* v. *Perrine, supra.*) But, as the title had vested in a *bona fide* purchaser before the creditor acquired any lien upon or interest in the property, and before the receiver was appointed, we are of the opinion that the purchaser

obtained a valid title, which he can maintain as against the receiver. Although not directly deciding the question, the cases of *Kitchen* v. *Lowery* (127 N. Y. 53, 60); *Mandeville* v. *Avery* (124 id. 376, 385); *Zoeller* v. *Riley* (100 id. 102); *Simpson* v. *Del Hoyo* (94 id. 189), and *Ledyard* v. *Butler* (9 Paige, 132), seem to recognize that doctrine. If the opposite doctrine were to obtain, titles to personal property, which had been sold under a chattel mortgage, would be rendered dangerously uncertain. We cannot believe that it was the purpose of the statute of 1833 to render such a mortgage void, except as between the creditors and parties to the mortgage, or persons acquiring title under it *mala fides*, or without consideration.

These conclusions, if correct, require a reversal of the judgment as to the defendant Howard Wilcox, and that it should be affirmed as to the other defendants.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment reversed and a new trial granted as to the defendant Howard Wilcox, and judgment affirmed as to the other defendants, without costs of this appeal to either party.