In the Matter of the Final Settlement of the Accounts of A. D. MERRY, Respondent, as Receiver of the Property of DWIGHT WILCOX, a Judgment Debtor, Appellant.

*Receivers — when acting in good faith, they should be allowed costs and counsel fees, as well as the fees of a referee to pass their accounts.*

Where a receiver has acted in good faith in prosecuting an action, it is proper that he should be allowed the costs and expenses of its prosecution.

The court has power, under sections 827, 1015, 3236 and 3251 of the Code of Civil Procedure, to provide for the payment, out of moneys in the hands of a receiver, of the fees of a referee who took the testimony and examined the account of the receiver, in pursuance of an order of the court.

APPEAL by the defendant, Dwight Wilcox, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego on the 19th day of May, 1896, confirming the report of a referee appointed to determine the amount necessary to satisfy the judgment under which the receiver was appointed, and directing the receiver to pay the expenses of such reference, and ten dollars costs, " out of any moneys in his hands, or which may hereafter come into his hands as such receiver," and directing the receiver, upon receipt of the balance due upon the judgment, to convey to said Wilcox, or his assigns, any and all property now held by such receiver.

FOURTH DEPARTMENT, DECEMBER TERM, 1896.            [Vol. 11.

*O. M. Reilly,* for the appellant.

*E. M. White,* for the respondent.

HARDIN, P. J.:

In October, 1894, the First National Bank of Syracuse recovered a judgment in the Supreme Court against Dwight Wilcox for $609.13. Thereafter supplementary proceedings were instituted upon the judgment, and the judgment debtor appeared before the referee appointed by Judge VANN, and was examined concerning his property, and thereafter notice was given to him of an application for the appointment of a receiver, and he appeared before Judge VANN by counsel, and his counsel assented to the appointment of A. D. Merry as receiver. The receiver was required to execute a bond, and file it with the clerk, which he did, in pursuance of the terms of the order so appointing him receiver. The order provided an allowance of costs in the supplementary proceedings, and was signed apparently by Judge VANN on the 8th of December, 1894. At the time the receiver was appointed the judgment debtor held two pieces of real estate which were largely mortgaged; and apparently he held some $400 worth of personal property which he had mortgaged to one Howard Wilcox, though the chattel mortgage had not been filed in the town clerk's office of the town of Granby, where the judgment debtor resided. That personal property was sold to one William Green. It seems that in January, 1895, the receiver presented his petition to the Supreme Court, and obtained an order directing him to commence an action against Dwight Wilcox, Howard Wilcox and William Green to set aside the chattel mortgage, and to recover the property covered by the mortgage, or its value. That action, after being at issue, was brought to trial at a Special Term at Oswego in March, 1895, and resulted in a judgment dismissing plaintiff's complaint, with sixty-nine dollars and twenty-four cents costs against the plaintiff. The receiver appealed from the judgment, and the appeal was argued and submitted to the General Term, and the General Term affirmed the judgment as to William Green, and reversed it as to the defendant Howard Wilcox, the court holding that as the property had been transferred to a *bona fide* purchaser, he had acquired title thereto, which was good as against the receiver who had acquired no lien upon the property

prior to the purchase thereof. In the course of the opinion delivered in that case it was said : " As the title had vested in a *bonâ fide* purchaser before the creditor acquired any lien upon or interest in the property, and before the receiver was appointed, we are of the opinion that the purchaser obtained a valid title which he can maintain as against the receiver." (*Merry* v. *Wilcox*, 92 Hun, 210–213.)

In February, 1896, an order was made directing the receiver to rent the farm for one year from April 1, 1896. An appeal was taken from that order, which, however, was dismissed in March, 1896.

On the 14th of March, 1896, at Special Term of the Supreme Court, upon notice to the judgment debtor, and after his appearance in court, an order was made appointing a referee to take and state the account of the receiver, and to report the amount necessary to pay the judgment in full, and to procure the receiver's discharge. The referee qualified and the parties appeared before him on several days, and evidence was taken which is found in the appeal book, and the referee, on the 1st day of May, 1896, made his report, in which he states the amount of the judgment recovered by the bank to have been $609.13, and that the interest thereon to the date of the referee's report amounted to $56.02 ; and he also found that the costs allowed in the order appointing the receiver were $118.14, and that the interest on the said costs to the date of the report was $9.90 ; and he also found, viz.: " That the said receiver has made certain expenditures and disbursements, and incurred certain expenses in the administration of the property of the said Dwight Wilcox, which said expenditures and disbursements were properly made, and expense properly incurred, all of which is chargeable against moneys received or to be received from the property over which he was appointed receiver, amounting in full to the date of my report to the sum of $482.07."

He also found : " That the commissions upon the total amount necessary to satisfy the said judgment, including costs and expenses in full, said sum being $1,275.26, amount to the sum of $63.76."

He also found that the receiver had received from the property of the judgment debtor the sum of $428, and that the amount still due the said receiver to satisfy said judgment, together with the interest, costs, disbursements in full, and commissions, is the sum of $911.02.

The referee also found: "That said A. D. Merry, as receiver of the property of Dwight Wilcox, properly performed his duties as such receiver. * * * The expenses and disbursements incurred by the said A. D. Merry as such receiver should. be allowed as stated in this, my report."

It seems that the judgment in favor of the bank was upon a promissory note made by Charles H. Dexter for an indebtedness of his to Crouse & Co., which was indorsed by Almon T. Wilcox, and subsequently indorsed by Dwight Wilcox, the judgment debtor; and that the judgment debtor, aided by the counsel and influence of Dexter, conceived the idea that he would resist the payment of the note and defeat any efforts made to collect the judgment entered thereon, and in doing so they represented to the attorney having charge of the proceedings to collect the judgment, "that the house and lot in Oswego Falls was mortgaged for more than it would bring or sell for, and that, the way farm property was selling for in Oswego county, the farm was mortgaged for more than it would sell for at forced sale."

It appears in the evidence that the judgment debtor stated that the judgment could not be collected out of the real estate; "that the mortgages would be foreclosed and the property would not sell for any more than enough to pay the mortgages."

After a full perusal of all the evidence produced before the referee, we are of the opinion that he was warranted in finding, as matter of fact, viz.: "That said A. D. Merry, as receiver of the property of Dwight Wilcox, properly performed his duties as such receiver."

In *Devendorf* v. *Dickinson* (21 How. Pr. 275) it was said: "The ground that the receiver *appealed* from the Special to the General Term from the judgment, although evidence of perseverance, was no evidence of mismanagement or bad faith."

The conduct of the judgment debtor was such that the receiver was warranted in bringing the action to set aside the chattel mortgage, and a full consideration of the evidence indicates that the receiver acted in good faith in prosecuting the action, and, therefore, it was proper that the expenses and costs incurred by him in the prosecution of that action should be allowed to him.

In *Bostwick* v. *Menck* (40 N. Y. 383) it was said that a receiver,

appointed in supplementary proceedings under the Code, " is thereby vested with the title to all the personal property of the judgment debtor, whether in his own hands or in the hands of others."

According to the tenor of the opinion delivered, when the case of *Merry* v. *Wilcox* was considered in 92 Hun (*supra*), the receiver was defeated as to Green on the single ground that he had become, according to the testimony produced, a purchaser in good faith under the chattel mortgage prior to the attaching of the lien in behalf of the receiver.

Appellant calls our attention to *Cumming, as Receiver*, v. *Egerton* (9 Bosw. 684). The question in that case arose upon a motion in an action brought by a receiver against a third party, and the question was as to the rule as to costs where the action was brought unsuccessfully against a third party ; there is nothing in the case which is helpful to the appellant in the case here before us.

It is suggested by the appellant that the receiver and his attorneys " tried to make all the costs they could in litigation for the judgment creditor when the judgment creditor was abundantly secured."

In answer to that suggestion it may be said that the debtor himself was defiant of the creditor and of the receiver and his attorneys, and apparently resorted to extraordinary means, not to say fraudulent practices, to prevent the collection of the judgment, and brought upon himself the litigation and expenditures which are disclosed in the appeal book, and he is not in a position to successfully charge the receiver or his attorneys with fraudulent practices. The debtor evidently conceived the idea that he could defeat the judgment creditor and all efforts put forth in his behalf to collect the judgment. It seems about the time the judgment was recovered the debtor executed a mortgage to his wife upon one of the pieces of real estate he had, and caused that mortgage to be foreclosed, and he made declarations and threats indicative of an intention to absolutely avoid the payment of the debt, which he was induced to believe he could escape, apparently by the advice which he received from Dexter, whose surety he was.

(2) The appellant complains of the provision in the order directing the receiver to " pay the referee's fees, namely, the sum of fifty dollars, and ten dollars, costs of this motion, out of any money in his hands or which may hereafter come into his hands as such

receiver, and that said sum of sixty dollars be added to said sum of nine hundred eleven dollars and two cents."

We think the court had power to provide for the payment of the fees of the referee who took the testimony and examined the receiver's account in pursuance of an order of the court. (See Code Civ. Proc. §§ 827, 1015, 3236, 3251; *O'Connor* v. *N. Y. & Yonkers Land Company,* 8 Misc. Rep. 244.)

The order should be affirmed, with ten dollars costs and disbursements against the appellant personally.

All concurred.

Order affirmed, with ten dollars costs and disbursements against the appellant personally.