(20 Misc. Rep. 13.)

### VIETOR et al. v. RICHARDS CO.

(City Court of New York, General Term. April 1, 1897.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXEMPTION FROM SAME.
    A receiver of a foreign corporation carrying on its business is not its agent, within Code Civ. Proc. § 2463, exempting from supplementary proceedings foreign corporations which have "within the state a business agency or a fiscal agency."

Appeal from special term.

Application by George F. Vietor and others for the examination of the Richards Company, a judgment debtor. From an order overruling a motion to vacate an order for the examination, the Richards Company appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Dill, Seymour & Kellogg, for appellant.

Blumenstiel & Hirsch, for respondents.

McCARTHY, J. This is an appeal from an order directing Samuel W. Richards, president of the judgment debtor, the Richards Company, to appear and make discovery under oath concerning the property of the said judgment debtor, the Richards Company. On January 22, 1897, on the application of the judgment creditors George F. Vietor and others, and upon the affidavit of Morris J. Hirsch, an order in supplementary proceedings was duly signed by one of the justices of this court, directing Samuel W. Richards, president of the judgment debtor above named, to appear before one of the justices of this court on the 27th day of January, 1897. On the return day of the said order, Samuel W. Richards, through his attorneys, made a motion to dismiss the order, upon the affidavits controverting the allegations of the affidavit upon which the order for the examination was granted, and attempting to show that the corporation did business in this state. There is no denial that the corporation, the Richards Company, is a foreign corporation, organized and incorporated under the laws of the state of New Jersey, and that it has no fiscal agency in the state of New York. The contention made is that the receiver of the corporation carried on its business, as its agent, having an office in New York, and therefore was its fiscal agent. A motion was then made to vacate and set aside the order for the examination, which motion was denied, and from the denial of that motion this appeal is taken.

As provided by section 2463 of the Code of Civil Procedure, this defendant's officers cannot be examined in supplementary proceedings unless under and within the exemptions of section 1812 of the Code, which is as follows:

"The last three sections apply to an action or a special proceeding against a corporation or joint stock company or association created by or under the laws of the state, or a trustee, director or other officer thereof; or against a corporation or joint stock association created by or under the laws of another state, government, country or a trustee, director or other officer thereof, where the corporation or association does business within the state, or has within the state a business agency or fiscal agency, or an agency for the transfer of its stock."

In other words, it must appear that the defendant is a foreign corporation, does no business within the state, or has no business or fiscal agency in this state. It is conceded that in such a case an examination of a foreign corporation in proceedings supplementary to execution can be had, and a receiver of its property appointed. Logan v. Publishing Co., 140 N. Y. 447, 35 N. E. 655. The defendant admits that the corporation of itself and by itself has none of these requirements, but contends that, although that is so, yet because of the appointment of a receiver in New Jersey, and afterwards the same receiver being appointed as ancillary receiver in New York, and his having an office in New York state, therefore such receiver is the agent or fiscal agent of the corporation. But we cannot agree with the appellant in this. The order of the court makes the receiver the representative of all those con-

cerned,—the creditors and each of them, as well as the debtor company and each of them. Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 272, 275, 277. The receiver is not an agent for one side or the other, but is the principal selected by the court to fairly and impartially represent the interests of all. The receiver, while authorized to act as a party in prosecuting and defending actions, is but the creature of the court, as the custodian or trustee of the fund. Davendorf v. Dickinson, 21 How. Prac. 275, 276; Pittsburg Carbon Co. v. McMillan, 119 N. Y. 46, 53, 23 N. E. 530; Hunt v. Wolfe, 2 Daly, 298, 303.

For these reasons, the order should be affirmed, with costs.

CONLAN, J., concurs.