(20 Misc. Rep. 289.)

### VIETOR et al. v. RICHARDS CO.

(Supreme Court, Appellate Term. May 27, 1897.)

SUPPLEMENTARY PROCEEDINGS—FOREIGN CORPORATION.

The status of a foreign corporation as having a .business agency in the state, so as to exempt it from supplementary proceedings (Code Civ. Proc. §§ 1812, 2463), is not affected by the appointment of a·receiver of the corporation.

Appeal from city court of New York, general term.

Application by George F. Vietor, Carl Vietor, Thomas Achelis, and John Achelis, judgment creditors, for the examination of the Richards Company, a judgment debtor, in supplementary proceedings. From an affirmance of an order denying a motion to dismiss the proceedings (44 N. Y. Supp. 603), the judgment debtor appeals. Reversed. ·.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Dill, Seymour & Kellogg (S. V. Beckwith, of counsel), for appellant.

Blumenstiel & Hirsch (E. Blumenstiel, of counsel), for respondents.

McADAM, J. The defendant is a New Jersey corporation, organized June 20, 1893. On August 1, 1893, it procured a certificate from the New York secretary of state authorizing it to do business in the state of New York, which certificate is still outstanding and in force, excepting in so far as the receivership hereafter referred to may affect it. Charles C. Black was appointed receiver of the defendant by the New Jersey courts, September 23, 1896, and the following day he was appointed by. the New York supreme court temporary ancillary receiver in this state of all the defendant's assets, with directions to carry on its business, which is chiefly in this city. The plaintiffs, judgment creditors of the defendant, obtained an order from the city court requiring Samuel W. Richards, the defendant's president, to submit to an examination in supplementary proceedings concerning the property of the judgment debtor. The

defendant moved to vacate the order, on an affidavit showing the facts stated, and that the defendant had, and still has, a fiscal agency and place of business in the city of New York, and that nearly· all its assets are in said city.   Upon these facts, it is clear that the defendant had within this state a business and fiscal agency, within the meaning of section 1812 of the Code, prior to the appointment of the receiver, and was not therefore subject to proceedings supplementary to execution.    Code, § 2463;   Logan v. Publishing Co., 140 N. Y. 447, 35 N. E. 655.

But it is claimed that since such appointment the property of the defendant has passed into the hands of the receiver, and that the defendant is, by operation of law, taken out of the exceptional cases provided for by section 1812, supra, and brought within the general provisions of section 2463, and made subject to the supplementary remedy afforded to judgment creditors.   We think not.   The defendant occupies the same legal status now that it did prior to the appointment of the receiver, excepting in so far as the supreme court, in the exercise of its general jurisdiction, has seen fit to assert its authority.   The legislature intended that such a corporation should be exempt from supplementary proceedings, and has nowhere provided that, when the supreme court appoints a receiver under its general jurisdiction, all its judgment creditors might have such receivership extended by other courts to their cases.   Such a course of procedure would not facilitate, but embarrass, the administration of justice, make the receiver amenable to the directions of different courts at the same time, and tend to defeat the very purpose the legislature had in view when it exempted foreign corporations doing business and having an agency here from the operation of the statute.   The proceeding invoked by the plaintiff is of statutory creation, and cannot be allowed except in the cases where the statute has expressly permitted it;   and it is sufficient to say that this is not one of those cases.   If the defendant had voluntarily given up its agency, so as no longer to fulfill the provisions of section 1812, a different question would have arisen.   But here there is nothing but a temporary halt directed by the supreme court, which may be obviated at any time by the discharge of the receiver, if the court should determine that such a course would be for the best interests of all concerned.   The order appointing the ancillary receiver was not intended to destroy, but to preserve and keep intact, the defendant's property.   The supreme court acquired general jurisdiction over the defendant, and its order must not be impaired or interfered with by any subsequent assumption of jurisdiction of a special nature by any other tribunal.

The order must be reversed, with costs.   All concur.