(27 Misc. Rep. 69.)

DUDENSING v. JONES et al.

TICONDEROGA PULP & PAPER CO. v. SAME.

(Supreme Court, Special Term, New York County.    April, 1899.)

1. ASSIGNMENTS FOR CREDITORS—VALIDITY.
    An assignment made in contemplation of insolvency, and intended to prefer the assignee over other creditors, will be set aside at the suit of the other creditors.

2. SAME—ACTION TO SET ASIDE—EFFECT ON ATTACHMENT LIENS.
    In a suit by creditors to set aside an assignment by which the assignee obtained a preference, the court will not determine the validity of attachments levied in favor of the assignee, as the suit does not affect such attachments.

3. SAME.
    If an assignment to a creditor is void, it will be set aside in a suit by other creditors, notwithstanding that the assets are thereby given to part of the creditors, to the detriment of others.

Suits by the Ticonderoga Pulp & Paper Company and Richard Dudensing against Henry E. Jones and others to set aside an assignment by the J. C. Travis Company to the defendant Jones.    Judgments for plaintiffs.

Rounds & Dillingham, for plaintiffs.
Lockwood & Hill (John L. Hill, of counsel), for defendant Jones.

TRUAX, J.    It is unnecessary for me to determine whether Travis had the authority to make the assignments in question or not.    Conceding that he had the authority, still the assignments cannot stand. I am of the opinion that the evidence shows that the corporation was insolvent at the time the assignments were made, and that they were made in contemplation of such insolvency, and for the purpose of giving the assignee a preference over the other creditors of the assignor, and were prohibited both by the statutes of the state of New Jersey and the statutes of the state of New York.    See Queen v.

Weaver (decided March 24, 1899, by appellate division, First department) 56 N. Y. Supp. 998. Nor am I called upon to determine whether the defendant Jones had or had not a valid lien upon the assets of the corporation because of the levies made under his attachments. This action does not affect such levies, if any, but affects only the assignments made by the defendant corporation.

I am also of the opinion that the appointment of the receiver was according to law. The facts in this case in that respect are substantially the same as those in Logan v. Publishing Co., 140 N. Y. 447, 35 N. E. 655. It may be that the effect of this decision is to give to one creditor the assets of the corporation to the detriment of the other creditors of the corporation, but, as between the plaintiff in this action and the defendant Jones, there is no distinction. Jones, by his attachment, was trying to do what he now claims the plaintiffs in this action are trying to do by this action.

For the reasons above stated, I am of the opinion that the assignments should be set aside, and the defendant Jones should account to the plaintiffs for the property received by him under such assignments. Judgment is ordered accordingly in each action, with costs, and an extra allowance of 5 per cent. upon the amount involved in each.

Judgment accordingly in each action, with costs, and an extra allowance of 5 per cent.