(86 App. Div. 233.)

ELLIS v. COLE et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. CONTRACT—CONSTRUCTION.

Plaintiff owned a farm, on which there was a mortgage, and had a life interest in a house and lot, defendants, his daughters, holding the fee. He deeded the whole to defendants, under an agreement whereby they were to pay him the rents and profits during his life, after deducting the interest on the mortgage, and, in case they should sell the house and lot, the proceeds were to be applied on the mortgage, or invested in a bond and mortgage and the interest paid to plaintiff. *Held*, that plaintiff was not entitled to interest on the proceeds arising from a sale of the house and lot, where the same was applied on the mortgage.

Appeal from Trial Term, Yates County.

Action by William H. Ellis against Polly E. Cole and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

C. H. Everts, for appellants.

H. C. & H. B. Harpending, for respondent.

WILLIAMS, J. The judgment should be reversed and a new trial granted, with costs to the appellants to abide event.

The action is to recover a sum of money, alleged to be owing for interest or income from a fund in defendants' hands. The defendants deny that the plaintiff is entitled to such interest or income. The facts, briefly stated, are as follows: The plaintiff is the father of the defendants. The plaintiff, prior to the execution of the contract hereinafter referred to, was the owner of the farm therein mentioned. His wife was the owner of the house and lot mentioned in the contract, when she died, and at the time the contract was executed the plaintiff had a life estate therein, and the defendants held the fee thereof. There was a $2,000 mortgage upon the farm when the contract was executed, held by other persons. March 5, 1894, a contract was made between these parties, wherein it was, among other things, provided, in brief, that the plaintiff should deed the farm and his interest in the house and lot to defendants, and defendants should pay over to the plaintiff all the rent and profits from the property, so conveyed, during his life, after deducting therefrom the interest on the $2,000 mortgage; and, in case the defendants should sell the house and lot, the moneys arising from such sale should be applied in payment of the $2,000 mortgage, or be invested in a bond and mortgage, and the interest accruing therefrom should go to the plaintiff. Pursuant to this agreement, the property was deeded to the defendants at the time of making the contract. April 12, 1895, the defendants sold the house and lot for $1,900, and March 28, 1896, applied this $1,900 upon the $2,000 mortgage, and, adding $100 of their own money, fully satisfied such mortgage, and procured it to be discharged of record. The plaintiff, under this condition of things, claims he is entitled to interest or income from this $1,900, for which the place was sold, from April 1, 1898, to April 1, 1902, $114 per year, in all $456, with interest on each payment from the time it became due. And the trial court awarded judgment for this amount and costs.

The theory upon which the decision is based is that under the contract the plaintiff, upon the sale of the house and lot and the receipt by defendants of the $1,900 therefor, was entitled to the interest or income therefrom, although the defendants applied the same in payment and satisfaction of the $2,000 mortgage. We do not so construe the contract. So long as the defendants retained all the property, the plaintiff was entitled to the whole income therefrom, after deducting the interest on the $2,000 mortgage; that is, the interest on the mortgage was to come out of the plaintiff's income from all the property. When the house and lot was sold and the mortgage paid from the proceeds of such sale, then the plaintiff was deprived of the income from the house and lot, but the interest on the mortgage did

not have to be paid, so that plaintiff's income was the same as before. The loss of income from the house and lot was offset by not having any interest to pay on the mortgage. This is the fair and reasonable construction of the contract, and we do not see how any other intention can be drawn from it.

These views lead us to reverse the judgment and direct a new trial, with costs to appellants to abide event. All concur.