(105 App. Div. 48.)

### ELLIS v. COLE et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

JUDGMENTS—RES JUDICATA.

    Plaintiff conveyed a farm subject to a $2,000 mortgage and a life estate in a house and lot to defendants, who were the owners of the fee, under an agreement that defendants should pay plaintiff the rents and profits for life after deducting interest on the mortgage, etc., and, in case the

house and lot should be sold, the proceeds should be applied on the mortgage, and the balance invested, and the interest paid to plaintiff. After a sale of the house and lot and a payment of the mortgage by defendants, a judgment was rendered in a creditor's suit against plaintiff and defendants sustaining plaintiff's conveyance to defendants, and directing that the receiver, after paying defendants, out of the rents and profits of the property, interest on the amount paid to satisfy the mortgage, should pay the balance to the judgment creditor. *Held*, that such judgment was res judicata against plaintiff's right to recover the sum so paid by the receiver to defendants under his contract.

McLellan, P. J., and Williams, J., dissenting.

Appeal from Special Term, Yates County.

Action by William H. Ellis against Polly E. Cole and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

See 83 N. Y. Supp. 641.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

M. A. Leary, for appellants.

H. C. & H. B. Harpending, for respondent.

STOVER, J.   The plaintiff is the father of the defendants. Plaintiff was the owner of a farm, and at the time of the making of the contract under which the cause of action arises had a life estate in a house and lot, estate in remainder being in the defendants. At the time of making the contract there was a mortgage of $2,000 upon the farm. On the 4th of March, 1894, the contract in question was entered into between the plaintiff and the defendants, by which the plaintiff conveyed the farm and the house and lot to the defendants, the defendants agreeing to pay from time to time, as collected or received by them, the rents and profits of the premises conveyed, after deducting therefrom the interest on the $2,000 mortgage, and taxes and expenses of all kinds incurred in the care, preservation, and management of the premises. It was further agreed that, in case the premises should be sold, the moneys should be applied in payment of the $2,000 mortgage, or be invested in bond and mortgage, and the interest paid for the maintenance and support of the plaintiff. The defendants sold the house and lot for $1,900, and on March 28, 1896, took up the mortgage on the farm with the purchase money of the house and lot, and by the additional payment of $100 by the defendants the mortgage was satisfied and discharged of record. After the conveyance of the farm and the house and lot by the plaintiff to the defendants, an action was commenced in the Supreme Court by a creditor of the plaintiff to set aside the conveyance from the plaintiff to the defendants as in fraud of creditors. A decree was entered in that action in February, 1899, in and by which a receiver of the rents and profits of the premises was appointed, with direction to receive the income to which the plaintiff in this action was entitled, and further directions as to the disposal of funds which might come into his hands as the proceeds of the life estate of the plaintiff herein. The decree further directed that said receiver should pay to Ida Hutches and Polly Cole, the

defendants in this action, the interest upon the $2,000 invested by them in the bond and mortgage, or the legal rate of interest; the adjudication thereby being necessarily that these defendants, and not the plaintiff here, were entitled to the interest upon the $2,000 represented by the bond and mortgage. This action is brought to recover the interest upon the $2,000 mortgage for six years from April 1, 1898, being the sums paid to defendants by the receiver under the decree in the creditor's action.

A summary of the situation at that time is this: The property having been disposed of under the contract, the question then arising between the plaintiff here and his creditor, it was adjudicated that the plaintiff here or his judgment creditor were not entitled to the interest upon the bond and mortgage, but that these defendants had become the owners, and entitled to the interest or income arising from the bond and mortgage. The court in that action must have necessarily found that the plaintiff here was not the owner of the proceeds of the mortgage, and that his daughters, the defendants here, were such owners, in order to have decreed in the creditor's action that the defendants were entitled to the interest on the bond and mortgage. This decree, we think, was binding upon all of the parties, and was a final and complete adjudication of their rights in the property in question. They were all parties to the record, and a complete adjudication was had as to the ownership of the fund now brought in question in this action. This plaintiff may, perhaps, have been willing that in that action the title should have been adjudged to be in his daughters, and thus prevent the payment of the claim of his creditor; but, whether willing or otherwise, the adjudication was definite, and binding upon all of the parties to the action. The decree was properly pleaded and proven, and we think it was a complete bar to the maintenance of this action, and the complaint should have been dismissed upon the merits.

Judgment reversed, with costs, and complaint dismissed, with costs.

HISCOCK, J. I concur in the conclusion reached in the opinion of Mr. Justice STOVER that the judgment rendered in the case of Havens against the plaintiff and defendants in this action is a bar to such a recovery as has been allowed to the plaintiff in this action, and that, therefore, the judgment appealed from should be reversed. By the statement of admitted facts in this action it does appear that these defendants realized $1,900 upon the sale of the house and lot conveyed to them by the plaintiff, and that it was with the proceeds of said sale that they took up the mortgage for $2,000 upon the farm, and as and for interest upon which the $720 sought in this case by plaintiff has been paid to them. From these facts it would naturally appear that defendants had no claims against plaintiff for repayment to them of interest upon $1,900 used in taking up said bond and mortgage. But we do not have before us the evidence which was produced in the judgment creditor's action, and when the decree in that action adjudged that these defendants were entitled to have repaid to them the interest upon the moneys used in

taking up the bond and mortgage upon the farm we assume that there was some evidence which justified this provision, and that there must have been some reason why the $1,900 proceeds of the sale of the house and lot used in taking up the mortgage did not belong to the plaintiff in this action, and that defendants were entitled to this interest. But, at any rate, I do not see how plaintiff can so avoid the provisions of the decree in the creditors' suit as to recover the moneys sought in this action. He was a party to the creditor's suit. The rights of himself, of his judgment creditor, and of these defendants were all necessarily involved in that action, and without any objection, so far as appears, the decree passed upon them. In this action plaintiff is compelled to refer to the former judgment as the authority and cause for payment to the defendants of the very moneys which he seeks to recover. In order to trace his alleged title to the moneys now held by defendants, he is compelled to admit or show that they received them under the provisions of said judgment; and when he refers to said judgment as the source of payment to defendants of the moneys which he seeks I do not think that he can escape the other provisions in said judgment, which specify the purpose for which said moneys were so paid to said defendants, and which latter provisions affirmed the legal right of defendants thereto.

It seems to me that there is still another obstacle to the recovery by plaintiff of his judgment in this action. As between plaintiff in this action and the judgment creditor (plaintiff in the former action), the latter was entitled to all of the proceeds of the farm until her judgment and costs were paid. Whatever payments were directed in that former decree to be made to these defendants were taken from the judgment creditor, rather than from the plaintiff. In that action a receiver was appointed "of the interests of said William H. Ellis in the rents and profits of said premises," and said receiver, after payment of the sums directed to these defendants and certain taxes and expenses, was directed to pay the balance to the plaintiff until her judgment of $959.56, with interest and costs, was all paid. As stated, the receiver is still in office, and apparently her judgment is unpaid. Therefore it follows that, if the moneys sought from defendants are as alleged by the plaintiff, part of the rents and profits of said farm, and the defendants are not entitled thereto, the said receiver, rather than the plaintiff, is entitled to the same. It seems to me quite clear that the plaintiff cannot in this action, to which neither the judgment creditor nor the receiver is a party, have a new adjudication of his rights with the defendant which modifies and reverses the former adjudication, to which he and all of the interested persons were parties.

McLENNAN, P. J. (dissenting). Upon the admitted facts the plaintiff is entitled to recover the amount found to be due by the learned trial court, unless the judgment recovered in an action brought by one Lydia Havens against the plaintiff and defendants in this action is a bar to plaintiff's right of action against the defendants, his codefendants in the Havens action. The plaintiff is

the father of the defendants. On and prior to March 5, 1894, plaintiff was the owner of a farm upon which there was a $2,000 mortgage. He was also the owner of a life estate in a house and lot, of which his wife owned the fee at the time of her death. On the 5th day of March, 1894, by a deed duly executed and delivered on that day, the plaintiff conveyed to the defendants the said farm, and also his life estate in the house and lot of which his wife died seised. On the same day, in consideration of such conveyance by the plaintiff, the defendants executed an agreement by which they agreed to pay over to this plaintiff during the term of his natural life the net income of the property so conveyed, after deducting the interest on the $2,000 mortgage, which interest they agreed to pay. The defendants further agreed in and by said contract that in case they sold the house and lot they would apply the proceeds in payment of the said $2,000 mortgage on the farm, or that they would invest the said proceeds on bond and mortgage,. and that they would pay the interest accruing therefrom to the plaintiff. The defendants were also given the right to sell the farm, but only upon condition that the avails of such sale, if made, should also be invested in bond and mortgage, and that the income therefrom should be paid to the plaintiff. On the 12th day of April, 1895, the defendants sold the house and lot conveyed to them by the plaintiff as aforesaid, and received therefrom the sum of $1,900. They added to the sum so received $100 of their own money, and with it paid off and procured a satisfaction and discharge of the mortgage upon the farm. In that situation clearly the plaintiff, under the agreement between himself and the defendants, was entitled to receive from the defendants the net income of the farm, and they were not entitled to deduct anything on account of interest on the $2,000, except the interest on the $100 advanced by them, because, as we have seen, $1,900 of such mortgage was paid with the pro· ceeds of the sale of the house and lot conveyed to them. Such was held to be the proper interpretation of the contract and the rights of the parties thereunder by this court in an action between the same parties. Ellis v. Cole, 86 App. Div. 233, 83 N. Y. Supp. 641. After the plaintiff had conveyed the property to the defendants, and the contract above referred .to had been executed, one Lydia Havens, a judgment creditor of the plaintiff, commenced an action in the Supreme Court against the plaintiff and defendants in this action to set aside the deed as fraudulent as against her. So far as appears, no issue was raised in that action as between the defendants therein. No cross-answer was served by either defendant upon the others, and the rights of the respective defendants, as between themselves, were in no manner pleaded, raised, or litigated in that action. Thereafter a decree was entered in the Havens action which adjudged that the deed from this plaintiff to these defendants was valid as to the plaintiff in this action, and that the land conveyed was not subject to payment of the judgment recovered by Lydia Havens against the plaintiff in this action, William H. Ellis. It was further adjudged that William H. Ellis, this plaintiff, was the owner of a life estate in the farm above referred to, subject to the lien of

the $2,000 mortgage, which it was found had been taken up and paid by these defendants. It was further adjudged that a receiver be appointed "of the interests of said William H. Ellis [this plaintiff] in the rents and profits of said premises," and that the receiver pay out of the net income the sum of $120 annually during the continuance of said receivership to the defendants in this action Ida Hutches and Polly Cole, "being the interest upon said two thousand dollars invested by them in said bond and mortgage, or legal rate of interest; that after such payments have been made the said receiver pay the balance which shall come into his hands, after paying all taxes and expenses of every kind necessarily incurred," etc., to said Lydia Havens, the plaintiff in that action. Pursuant to such decree the receiver paid the defendants during the years 1899, 1900, 1901, 1902, and 1903 the sum of $720 in the aggregate, making two payments of $120 each in the last-mentioned year, and it is to recover such sum of $720, with interest thereon, that this action is brought.

As we have already seen, the defendants, as against their father, this plaintiff, are not entitled to retain such moneys, because the mortgage had been satisfied and discharged with the proceeds of the sale of a portion of the property conveyed to them by the plaintiff, and the contract expressly provided that such proceeds should be so applied, and therefore the defendants were not entitled to receive from the receiver moneys with which to make such payments. It is urged, however, that the decree in the Havens action, which directed that the moneys be paid to these defendants, is binding and conclusive as against this plaintiff, and therefore that this action cannot be maintained. We think that the decree in the Havens action in no manner affected the rights of the parties to this action, as between themselves. They were not adversary parties in that action. There was no issue as between them which they asked to have determined or adjudicated. In Freeman on Judgments (4th Ed.) § 158, the rule is stated as follows:

"Parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action."

In Ostrander v. Hart, 130 N. Y. 406, the court said at pages 412, 413, 29 N. E. 744, at page 745:

"While a judgment may determine the ultimate rights of the parties on the same side as between themselves (Code Civ. Proc. § 1204), the judgment in question did not purport to do so, but simply determined certain issues between the plaintiff in the action and the defendants Hart. Neither in form nor effect did it determine the ultimate rights of those defendants and the assignee, as between themselves, nor could such a determination have been required by any defendant unless he had not only so demanded in his answer, but had also served a copy thereof upon the attorney of each defendant to be affected by the determination who had appeared, and personally upon each defendant so to be affected, who had not appeared. Code Civ. Proc. § 521. A judgment in favor of one defendant against another cannot be entered upon the default of the latter, unless he had notice and an opportunity to defend as against his codefendant. Edwards v. Woodruff, 90 N. Y. 396; Albany City Savings Institution v. Burdick, 87 N. Y. 40."

"A judgment against a plaintiff in favor of a defendant determines nothing between the latter and a codefendant, because, al-

though both are parties to the action, they are not 'adversary par-
ties,' as that phrase is applied to the subject of former adjudica-
tion." Herman on Estoppel, § 138. To the same effect are Ma-
honey v. Prendergast, 12 N. Y. Supp. 869; Woodgate v. Fleet, 9
Abb. Prac. 222. Unless the defendants contest an issue with each
other, either upon the pleadings between them and the plaintiffs
·or upon cross-pleadings between themselves, it will not be res ad-
judicata in a litigation between themselves. Van Vleet's Former
Adjudication, § 256; Beveridge v. N. Y. E. R. Co., 112 N. Y. 1, 19
N. E. 489, 2 L. R. A. 648; O'Connor v. N. Y. & Yonkers Land Co.,
:8 Misc. 243–245, 28 N. Y. Supp. 544; Black on Judgments, § 599
(vol. 2, 2d Ed.). As before stated, there was no attempt in the
Havens action to either plead, raise, or litigate any rights of the de-
fendants therein as between themselves, and therefore, under the
authorities, neither the plaintiff nor the defendants are bound or
.affected in any manner by the final judgment in that case.

It follows that the judgment should be affirmed, with costs.

WILLIAMS, J., concurs.