JAMES G. KITCHEN, Appellant, *v*. SAMUEL S. LOWERY et al., Respondents.

While the mortgagee of chattels is deemed to be the owner and has the right to reduce them to possession, the mortgagor has the right to redeem before sale or to receive the surplus, if any, that shall arise upon a sale.

This interest is assignable and passes, under a general assignment for the benefit of creditors, to the assignee.

While the commencement of an action in the nature of a creditor's bill creates a lien upon the choses in action and equitable assets of the judgment debtor, it does not create a lien upon his tangible personal property subject to levy under execution, unless the creditor procures the appointment of a receiver.

A creditor can only avail himself of the omission to file a chattel mortgage when he has a judgment and proceeds under it to obtain a lien upon the mortgaged property, either by the levy of an execution or the commencement of an action in which he obtains the appointment of a receiver.

In an action to set aside a general assignment for the benefit of creditors and two chattel mortgages executed by the assignors, it appeared that the assignment was recorded on the same day, but after the filing of said chattel mortgages; one of them was executed about a year and nine months, the other about eleven months before they were filed. The assignment preferred a debt to one of said mortgagees and stated that she held the mortgage as collateral security, subject to the other mortgage which was prior thereto. The assignors delivered to the assignee all the property, including that covered by said mortgages, and in the inventory and schedules subsequently filed stated that the debts of said mortgagees were secured by said mortgages, and the chattels described in them were covered by them. The court found that the mortgages and assignment were made in good faith, without any intent to hinder, delay or defraud the creditors of the assignors. Plaintiff claimed that the mortgages were void, not having been filed as required by the statute, and that as the assignment treated them as valid, it was fraudulent. *Held*, untenable; that considering the mortgages were void as to creditors, as between the mortgagors and mortgagees, they were valid and subsisting liens, and whatever interest the mortgagors had passed under the assignment to the assignee; and that plaintiffs having neglected to avail themselves of the means provided by statute for the payment of their claims until the mortgagors had transferred their interest to the assignee, the latter acquired a superior right and took the interest in trust for all the creditors.

(Argued April 9, 1891; decided April 28, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 20, 1889, which affirmed a judgment in favor of defendants dismissing the complaint, entered upon a decision of the court on trial at Special Term.

*D. C. Stoddard* for appellant. The assignment was void. (*Bingham* v. *Tillinghast*, 13 N. Y. 215 ; *Jessup* v. *Hulse*, 21 id. 168; *O. L. & C. Bank* v. *Talcott*, 19 id. 146 ; *Bingham* v. *Tillinghast*, 15 Barb. 618 ; *Loos* v. *Wilkinson*, 110 N. Y. 195 ; *Chapin* v. *Thompson*, 89 id. 270–279 ; *Coleman* v. *Bean*, 1 Abb. Ct. App. Dec. 394; *Harrison* v. *Wilkin*, 69 N. Y. 412 ; *Decker* v. *Judson*, 16 id. 439 ; *Cocks* v. *Barker*, 49 id. 107 ; *Colden* v. *Cornell*, 3 Johns. Cas. 174; *Torrey* v. *Bank of Orleans*, 9 Paige, 649–659 ; *Denagee* v. *Legg*, 18 Barb. 14–20 ; *Jackson* v. *Parkhurst*, 9 Wend. 209 ; *Chautauqua Bank* v. *Risley*, 4 Den. 480–486 ; *Jackson* v. *Thompson*, 6 Cow. 178–180 ; *Esterbrook* v. *Savage*, 21 Hun, 145–153 ; 3 Washb. on Real Estate [4th ed.], 99–106 ; 1 Greenl. on Ev. [3d ed.] 29, § 23 ; *Talcott* v. *Hess*, 31 Hun, 283, 284; *Terry* v. *Butler*, 43 Barb. 395, 397, 398; *In re Thompson*, 30 Hun, 195, 197, 198; *Mack* v. *Phelan*, 92 N. Y. 25.) The two chattel mortgages were void as against the plaintiff's debt for non-filing ; and as the assignment cannot be executed without devoting the mortgaged property to their payment, it is void as contravening the statute requiring all such securities to be filed. (3 R. S. 2249, § 1; *Eli* v. *Connelly*, 19 N. Y. 496, 498, 499 ; *Porter* v. *Parmalee*, 52 id. 185, 187, 188 ; *Steele* v. *Benham*, 84 id. 634–640 ; *Thompson* v. *Van Vetchen*, 27 id. 568, 581, 582, 583; *Parshall* v. *Egert*, 54 id. 18–22; *Southard* v. *Benner*, 72 id. 424, 426, 431, 432 ; *Clark* v. *Gilbert*, 14 Wkly. Dig. 241, 243; *Dutchie* v. *Swartwood*, 15 Hun, 31 ; *Stimson* v. *Weigley*, 86 N. Y. 332, 338, 339 ; *C. P. P. Co.* v. *Damon*, 48 Hun, 508, 511; *Jones* v. *Graham*, 77 N. Y. 628 ; *Van Housen* v. *Radcliffe*, 17 id. 580 ; *Hayman* v. *Jones*, 7 Hun, 238, 239 ; *Reed* v. *Gannon*, 50 N. Y. 345, 348, 349, 350, 351; *Williamson* v. *Brown*, 15 id. 354; *Baker* v. *Bliss*, 39 id. 70;

*Ellis* v. *Horman*, 90 id. 466, 473, 474, 475 ; *Mack* v. *Phelan*, 92 id. 20, 26, 27 ; *Babcock* v. *Eckles*, 24 id. 623, 632 ; *Edgell* v. *Hart*, 9 id. 213, 216, 217 ; *Cunningham* v. *Freeborn*, 11 Wend. 241 ; *Coleman* v. *Burr*, 93 N. Y. 17–31 ; *Kavenagh* v. *Beckwith*, 44 Barb. 192, 194, 195 ; *Murtha* v. *Curley*, 90 N. Y. 372.) Aside from the statements in the assignment and inventory as to these mortgages, the plaintiff has a good cause of action against the defendants to set aside such mortgages as void as to his debt for not being filed under the statute ; and to have the mortgaged property or its avails to the extent of the interests of said mortgagees in it applied to the payment of such debt. Such assignment is not an obstacle in the way of such remedy. (*Parshall* v. *Eggert*, 54 N. Y. 18, 23 ; *Judson* v. *Easton*, 58 id. 664 ; *Bragelman* v. *Daue*, 69 id. 69–74 ; *Matteson* v. *Baucus*, 1 id. 295, 297 ; *Stewart* v. *Slater*, 6 Duer, 85–99 ; *Hersey* v. *Porter*, 100 N. Y. 403–468 ; *Fuller* v. *Acker*, 1 Hill, 473–475 ; *Battes* v. *Ochsler*, 3 Keyes, 212, 219 ; *Galen* v. *Brown*, 22 N. Y. 37–39 ; *Hall* v. *Sampson*, 35 id. 274 ; Bishop on Ins. Debt. §§ 292, 293 ; *Harris* v. *Pratt*, 17 N. Y. 249 ; *Menagh* v. *Whitwell*, 52 id. 146 ; *Ransom* v. *Van De Venter*, 41 Barb. 307.) The argument that the plaintiff was not in a position to maintain the action unless he could have the assignment set aside, is erroneous. (*Collins' Case*, 12 Black. 448 ; *Southard* v. *Brenner*, 72 N. Y. 424–428 ; *Stewart* v. *Platt*, 101 U. S. 731 ; *Ball* v. *Shafter*, 26 Hun, 253, 254 ; *Chrisfield* v. *Bogardus*, 18 Abb. [N. C.] 334, 335, 336, 337 ; *N. C. Bank* v. *Lord*, 33 Hun, 557, 564 ; *Stewart* v. *Cole*, 43 id. 164 ; *Van Housen* v. *Radcliffe*, 17 N. Y. 580 ; *Dorthy* v. *Servis*, 46 Hun, 628–630 ; *Sullivan* v. *Miller*, 106 N. Y. 635, 642, 644 ; *In re Cornell*, 110 id. 351 ; *Harvey* v. *McDowell*, 113 id. 526 ; *Loos* v. *Wilkinson*, 110 id. 195 ; *Potts* v. *Hart*, 99 id. 168 ; *Murtha* v. *Curley*, 90 id. 372.)

*A. M. Mills* for respondent Sheard. The general assignment for the benefit of creditors made by Samuel S. Lowery and George M. Lowery, is valid. (*Bernheimer* v. *Rindskopf*, 116 N. Y. 428 ; *Crook* v. *Rindskopf*, 105 id. 476 ;

*McCarthy* v. *Walsh,* 51 id. 626 ; *Jaycox* v. *Caldwell,* Id. 395 ; *Carpenter* v. *Underwood,* 19 id. 520 ; *Shultz* v. *Hoagland,* 85 id. 465 ; *Whiting* v. *Keown,* 11 Barb. 198 ; *Smith* v. *Perine,* 121 N. Y. 376, 385 ; *Platt* v. *Lott,* 17 id. 478 ; *Tuerrn* v. *Jaycox,* 40 id. 470 ; *Holmes* v. *Hubbard,* 60 id. 185 ; *Emigrant Bank* v. *Roche,* 93 id. 374 ; *Coyne* v. *Weaver,* 84 id. 390 ; *Robbins* v. *Betcher,* 104 id. 575 ; *Bagley* v. *Bowe,* 105 id. 171 ; Laws of 1858, chap. 314 ; *Mumper* v. *Rushmore,* 79 N. Y. 19 ; *Short* v. *Bacon,* 90 id. 275 ; *Nicoll* v. *Spowns,* 105 id. 1; *Warner* v. *Jeffrey,* 96 id. 248.) In the presence of this general assignment the plaintiff cannot maintain this action to set aside the mortgage of defendant Sheard. (Code Civ. Pro. § 1871; *Spring* v. *Short,* 90 N. Y. 538 ; *Leonard* v. *Clayton,* 26 Hun, 288 ; *People ex rel.* v. *Bacon,* 99 N. Y. 275 ; *Crouse* v. *Frothingham,* 97 id. 105 ; *Childs* v. *Kendall,* 30 Hun, 228 ; 101 N. Y. 625 ; *Wheeler* v. *Lawson,* 103 id. 40 ; *Bank* v. *Lord,* 33 Hun, 557 ; *Sullivan* v. *Miller,* 40 id. 516 ; 106 N. Y. 635 ; *Loos* v. *Wilkinson,* 110 id. 209 ; *Letchingberg* v. *Hertfelder,* 103 id. 303 ; Laws of 1858, chap. 314 ; *Gerry* v. *Gerry,* 63 N. Y. 252 ; *Southard* v. *Benner,* 72 id. 426 ; *Fox* v. *Moyer,* 54 id. 125 ; *Evans* v. *Hill,* 18 Hun, 464 ; *Stoddard* v. *Denison,* 38 How. Pr. 302 ; *King* v. *Van Vlect,* 109 N. Y. 363 ; *Steele* v. *Benham,* 84 id. 634.)

*W. A. Matteson* for respondent Harvey. The claim that the assignee takes the property only subject and subordinate to the mortgages held by Nora K. Lowery and Titus Sheard ; in other words, that he only takes what property is left after the mortgages are taken out is untenable. (*Stewart* v. *Cole,* 43 Hun, 164 ; *Ormes* v. *Dauchey,* 82 N. Y. 443 ; *Shultz* v. *Hoagland,* 85 id. 464 ; *Curtis* v. *Gokey,* 68 id. 300 ; *Lorillard* v. *Clyde,* 86 id. 384 ; *Bagley* v. *Bowe,* 105 id. 171 ; *Crook* v. *Rindskopf,* 105 id. 477.) It cannot be said, as a matter of law, that fraud exists. (*McCarthy* v. *Kelly,* 12 Wkly. Dig. 539.) The assignee takes all the assigned property subject to such valid liens as may exist, and stating the amount of liens and deducting them from the value of the property,

no more limits the rights of the assignee to such balance than he is bound by the statement of the actual value of the property. (*Turner* v. *Jaycox*, 40 N. Y. 471; *Sullivan* v. *Miller*, 40 Hun, 519.) The assignee is the proper party to bring and maintain this action. (25 Hun, 502, 504; 1 Burrill's Law Dict. 519; 2 Kent's Comm. 441; *Ceas* v. *Bromley*, 18 Hun, 187, 189; 3 R. S. [7th ed.] 2328, § 5; *Levin* v. *Russell*, 42 N. Y. 251; *Divver* v. *McLaughlin*, 2 Wend. 597; *Jennings* v. *Carter*, Id. 446; *Reynolds* v. *Ellis*, 34 Hun, 47; 103 N. Y. 124.) If the court should hold that the assignee does not stand in a position to maintain an action to set aside the mortgages, we think the creditor can maintain it and reach the mortgaged property without setting aside the assignment. (*Brownell* v. *Curtis*, 10 Paige, 210; *Browning* v. *Hart*, 6 Barb. 91; *Leach* v. *Kelsey*, 7 id. 466.) If the court should conclude that the assignee cannot bring the suit, because the mortgage is simply void and not fraudulent, and that the creditor cannot maintain the action because the assignment is in the way, then we submit that affords no reason why the assignment should be set aside. (*Childs* v. *Kendall*, 30 Hun, 228; 101 N. Y. 625; *Hauslet* v. *Vilmar*, 76 id. 630.)

*William E. Lewis* for respondent Bryan. The general assignment of Samuel S. Lowery and George M. Lowery, for the benefit of their creditors, is a good and valid assignment. (*Jaycox* v. *Caldwell*, 51 N. Y. 395; *McCarthy* v. *Walsh*, Id. 626.) The judgment of the court below must be sustained, unless this court can reach no other conclusion from the evidence given upon the trial, than that the assignment is fraudulent. (*Shultz* v. *Hoagland*, 85 N. Y. 454; *Bernhimer* v. *Rindskopf*, 116 id. 228, 236.) In construing the assignment the clear and broad meaning, intention and purpose of the instrument should be given it, and it should be upheld. (*Turner* v. *Jaycox*, 40 N. Y. 471, 473; *Crook* v. *Rindskopf*, 105 id. 476, 485; *Shultz* v. *Hoagland*, 85 id. 464; *Lorillard* v. *Clyde*, 86 id. 384; *Bagley* v. *Bowe*, 105 id. 171.)

HAIGHT, J. This action was brought by the plaintiff as a judgment creditor of Samuel S. Lowery and George M. Lowery to set aside a general assignment for the benefit of creditors and two chattel mortgages made by them.

Samuel S. and George N. Lowery were copartners doing business under the firm name of S. S. Lowery & Son, and on the 24th day of December, 1883, they executed and delivered to the defendant Sheard a chattel mortgage on certain machinery and other personal property owned by them to secure him for his accomodation indorsements for the firm. The mortgage was filed August 24, 1885. The defendant Sheard at their request indorsed the notes of the firm to the amount of fifteen thousand dollars which notes at their maturity were protested and thereafter taken up and paid by him. On the 1st day of September, 1884, the firm executed and delivered to the defendant Nora K. Lowery a chattel mortgage on the same property which by its terms was made subordinate to the Sheard mortgage. It was given to secure an indebtedness from the firm to her which has not been paid. This mortgage was also filed August 24, 1885.

On the 24th of August, 1885, the defendants Samuel S. and George N. Lowery made a general assigment of all their property to one Bartlett in trust for the benefit of their creditors. This assignment was recorded on the same day, but after the filing of the chattel mortgages given to Sheard and Nora K. Lowery. The debt of Nora K. Lowery is preferred in the assignment, it being stated therein that she holds as collateral security the chattel mortgage above referred to subject however to the prior mortgage to Sheard. The assignors delivered to the assignee all of their property including that covered by the chattel mortgages, and thereafter made and filed an inventory and schedules in which they stated that the debts of Sheard and Nora K. Lowery were secured by the two mortgages, and that the property described in the mortgages was encumbered by such mortgages. On November 19, 1885, the defendant Sheard took the property under his mortgage, advertised and sold it at public auction for the sum of eight thousand dollars.

The trial court found that the mortgages and assignment were made in good faith for an honest purpose without any intent to hinder, delay or defraud the creditors of the firm of Samuel S. and George N. Lowery individually.

It is contended on the part of the appellant that the asssignment is fraudulent for the reason that it in effect transferred to the assignee the mortgaged property subject to the payment of the chattel mortgages as though they were in all respects valid ; while in fact and in law they were void as to the plaintiff's debt for the reason that they were not filed as required by the statue. Assuming the effect to be as stated, we do not understand that the assignment would be fraudulent. Whilst the mortgagee of chattels is deemed the owner and has the right to reduce them to possession, the mortgagor has the right to redeem before sale or to receive the surplus if any that shall arise upon a sale. He has an interest in the property which is assignable and such interest under a general assignment for the benefit of creditors passes to the assignee. (*Sullivan* v. *Miller*, 40 Hun, 516–519 ; *S. C.*, 106 N. Y. 635–642.)

It follows that whatever interest the firm had in the mortgaged property passed to the assignee under the assignment. As to the mortgagors, the mortgages were valid and subsisting liens. The indebtedness which they were given to secure was honest and just, and the same could lawfully be paid out of the assets of the firm, and the assignors had no right or power to deprive the mortgagees of the lien which they had acquired by virtue of their mortgages.

It remains to be determined whether this action can be maintained by the plaintiff to set aside the mortgages and compel the mortgagee Sheard to account for the property taken under his mortgage. They may be void as to creditors for the reason that they were not filed at the time their credits were given, but if creditors neglect to avail themselves of the means provided by the statute to secure the payment of their claims until the mortgagor has transferred his interest to an assignee, they thereby lose the advantage which they otherwise might have gained. In such a case the assignee acquires a superior right

to the individual creditor and takes the same in trust for all the creditors. Before such transfer, the creditor, upon obtaining judgment, might have secured a lien upon the personal property of the judgment debtor by the levy of an execution thereon. He might also have obtained a lien by a like levy upon the property covered by the mortgage. The mortgage being void as to him, the property would be regarded as that of the judgment debtor, and the levy would have the same force as if no mortgage existed. But waiting until after the assignment, he loses his right to acquire a lien by levy.

As we have seen, the plaintiff has neglected to perfect any lien as against the mortgaged property by the levy of an execution thereon. The commencement of this action does not operate to create a lien upon such property; whilst the commencement of an action in the nature of a creditor's bill creates a lien upon the choses in action and equitable assets of the judgment debtor. It does not create a lien upon his tangible personal property subject to a levy by an execution, unless he procures a receiver to be appointed. (*Albany City Bank* v. *Schermerhorn,* 1 Clarke's Ch. 297; *Davenport* v. *Kelly,* 42 N. Y. 193–198; *Storm* v. *Waddell,* 2 Sand. Ch. 494–516; *Lansing* v. *Easton,* 7 Paige, 364; *Knower* v. *Central National Bank,* 124 N. Y. 552.)

A creditor can only avail himself of the omission to file a mortgage when he has a judgment and proceeds upon that to obtain a lien upon the property, either by a levy of an execution or the commencement of an action in which he obtains the appointment of a receiver. (*Jones* v. *Graham,* 77 N. Y. 628; *Thompson* v. *Van Vechten,* 27 id. 568; *Niagara County National Bank* v. *Lord,* 33 Hun, 557–564; *Sullivan* v. *Miller,* 106 N. Y. 635–641; *Southard* v. *Benner,* 72 id. 424; *Geery* v. *Geery,* 63 id. 256.)

The mortgagors by their assignment have transferred all of their interest therein to the assignee. The mortgagee Sheard has taken the property under his mortgage and sold it. The property mortgaged has now passed into the hands of the purchasers under such sale, and whatever rights the plaintiff

may have had, none remain that are available to afford him relief.

These views render it unnecessary to consider the question as to whether the action can be maintained by the plaintiff without first demanding of the assignee that the action be brought by him as a trustee for the creditors, under chapter 314 of the Laws of 1858.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.