(39 Misc. Rep. 552.)

### McDONALD v. CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA.

(Supreme Court, Appellate Term.   January, 1903.)

1. ACTION AGAINST SHERIFF—WRONGFUL LEVY—EVIDENCE.

   An owner of horses executed an instrument to plaintiff, which was either a mortgage or a bill of sale of the horses, but which was not filed as required by Laws 1897, c. 418, § 90. The sheriff levied upon them. and plaintiff sued for wrongful levy. *Held*, that the evidence offered by plaintiff that the owner of the horses had transferred them to him in payment of the loan was admissible.

2. CHATTEL MORTGAGE—TRANSFER TO MORTGAGEE.

   Where a chattel mortgage was not filed as required by Laws 1897, c. 418, § 90, and was therefore void as against the creditors of the mortgagor, such mortgagor could, before levy of a judgment, transfer the property independently of the instrument, so as to vest in the transferee a title superior to the rights of the judgment creditor.

Appeal from city court of New York, general term.

Action by Patrick J. McDonald against the City Trust, Safe Deposit & Surety Company of Philadelphia. From an order of the general term affirming the judgment dismissing the complaint, plaintiff appeals. Reversed.

See 66 N. Y. Supp. 475.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

David M. Neuberger, for appellant.

·Dayton & Swift (Joseph Rosenszweig, of counsel), for respondent.

¶ 2. See Chattel Mortgages, vol. 9, Cent. Dig. §§ 427, 434, 439, 440, 446, 447.

CLARKE, J.　The action is against a surety, substituted as defendant in place of a sheriff, to recover possession or the value of certain horses alleged to belong to the plaintiff, and taken by the sheriff upon execution against one Camman, from whom plaintiff claims to have derived title.　The answer admits taking by the sheriff, but denies that the acts of the sheriff were unlawful.　The plaintiff proved Camman's ownership on August 14, 1894, the subsequent loan by plaintiff of $200 to Camman, and his execution and delivery to plaintiff of an alleged mortgage or bill of sale covering the property in question as security for the loan; also the making of note for $200 by Camman, and his delivery of the same to plaintiff, and that the $200 was never paid.　The mortgage or bill of sale was not recorded, and Camman retained possession of the horses for some time after the making of the loan and the alleged mortgage.

The defendant relies upon chapter 279 of the Laws of 1833, reenacted in chapter 418 of the Laws of 1897, § 90, which provides:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, * * * which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof, is filed as directed in this article."

It is contended that the mortgage, not having been filed as provided by law, is absolutely void as against creditors of Camman, the mortgagor, irrespective of whether said creditors had or had not actual notice; that the expression "in good faith" applies only to subsequent purchasers and mortgagees, and not to creditors.　Farmers' Loan & Trust Co. v. Hendrickson, 25 Barb. 484, and Stevens v. Buffalo & N. Y. C. R. R. Co., 31 Barb. 590, cited with approval in Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073, support such contention, and the general term has affirmed a dismissal of the complaint upon this ground.

There is, however, another point on which we are of the opinion that the plaintiff is entitled to a new trial.　The plaintiff offered to prove a transfer to the plaintiff of the property in question by Camman, in payment and extinguishment of his debt to the plaintiff, prior to the existence of any lien against Camman in favor of the judgment creditor upon whose execution the sheriff took possession of the property.　The plaintiff was not permitted to prove such transfer, and duly excepted.　This refusal was prejudicial error.　In Bowdish v. Page, 153 N. Y. 104, 47 N. E. 44, there was a transfer of property covered by an invalid mortgage in payment of the debt, and a subsequent execution upon a judgment theretofore entered.　Judge Gray, delivering the opinion of the court, said:

"In that situation, plaintiff's right to the goods was superior to the bank's; for it rested, not upon the void chattel mortgage, but upon an independent transfer of possession by the mortgagor."

In Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, the court distinguishes between the case before them, where it was held that title to property covered by a void mortgage could not be obtained by the mortgagee by proceedings taken under the mortgage, and whic..

assert the validity of the instrument, and the case of a bona fide transfer of the property in payment of the debt. Judge Peckham says at page 481, 143 N. Y., and at page 12, 39 N. E.:

"If, before any lien had been acquired by the creditors, the mortgagors had delivered the property to the mortgagee in payment of her debt, she could have then held it, because it would have been, in such a case, a transfer of property by them in payment of their debt; and although it would have been, in fact, preferring such debt, yet it would have been a preference which the mortgagors then had the right to make."

In Tremaine v. Mortimer, 128 N. Y. 1, 8, 27 N. E. 1060, 1062, Judge Earl says:

"While the mortgage is void as to creditors, they cannot touch the property until they come with an execution. As between the mortgagor and the creditors, if the latter can claim that the mortgage had no existence, so, also, can the former make the same claim. They cannot at the same time assert its invalidity and validity. They cannot seize the property as belonging to the mortgagor, and at the same time deny that he has any title to the property. They must constantly stand upon the position that the mortgage is a nullity. As between them and the mortgagor, both parties have the right to act as if the mortgage had never existed; and, before the creditors obtain a lien on the property by virtue of their executions, the mortgagor may deal with the same in any honest way. He may sell it and convey an absolute title, subject to any rights the mortgagee has, or he can deliver the property to the mortgagee in payment of the debt secured by the mortgage, or the mortgagee can release the debt, with or without payment, and thus invest him with an absolute title, and the creditors will have no legal ground of complaint."

Judge Gray, in Bowdish v. Page, supra, after referring to Stephens v. Perrine, says:

"That case and Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073, Tremaine v. Mortimer, 128 N. Y. 1, 27 N. E. 1060, and Mandeville v. Avery, 124 N. Y. 376, 26 N. E. 951, 21 Am. St. Rep. 678, held this doctrine,—that, while the mortgagee cannot enforce a void chattel mortgage against the creditors of the mortgagor, yet, if the mortgagor treats it as void, and, before the creditors obtain a lien, transfers the property to the mortgagee in payment of a debt, that the transaction will hold."

Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360; Kitchen v. Lowery, 127 N. Y. 53, 27 N. E. 357.

The plaintiff was entitled to prove a transfer in payment of the debt prior to the existence of the lien under which the property was taken, whether the instrument purporting to be a mortgage was one or not, and irrespective of any question of notice as to the existence of such mortgage. If the title of the plaintiff was superior to the claim of the judgment creditor, because of a prior bona fide transfer of the property for value, the plaintiff was clearly entitled to establish that fact. The proof offered is consistent with his complaint, namely, that, at the time of the sheriff's alleged wrongful taking, plaintiff was the owner and entitled to possession of the property in question. He should have been permitted to prove his source of title independent of the mortgage. Judgment reversed, with costs to appellant to abide the event, and a new trial ordered.

Judgment reversed, with costs to appellant to abide event, and new trial ordered. All concur.