### DAVIDSON v. OSBORNE.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. LANDLORD AND TENANT (§ 326*)—OWNERSHIP—CONTRACT.

Under a cropper's contract providing that the landowner was to sell the crop and give the cropper a certain part of the proceeds, the ownership of the crop was in the landowner, and the cropper could not transfer any title in it to another.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1367–1378; Dec. Dig. § 326.*]

2. CHATTEL MORTGAGES (§ 197*)—UNFILED MORTGAGE—"CREDITOR."

Where a creditor bought from his debtor a crop upon which there was an unfiled chattel mortgage of which he had knowledge, without having established his right as a creditor by legal proceedings, he was not a creditor within the meaning of the law relating to the filing of chattel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mortgages, nor a purchaser in good faith against an unfiled mortgage; and the rights of the mortgagee were superior to any which he acquired.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433; Dec. Dig. § 197.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

Appeal from Saratoga County Court.

Action by William A. Davidson against Walter L. Osborne. From a judgment (75 Misc. Rep. 391, 135 N. Y. Supp. 675) reversing a decision of a justice of the peace for plaintiff, plaintiff appeals. Reversed, and judgment of Justice Court affirmed.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Burton D. Esmond, of Ballston Spa, for appellant.

Harry P. Pendrick, of Saratoga Springs, for respondent.

JOHN M. KELLOGG, J. While the terms of the lease were disputed, the decision of the justice established that Wager was working the farms of the plaintiff on the understanding that the plaintiff was to sell the stock and produce and to give the defendant one-third of the proceeds from such sales. Wager gave a chattel mortgage to the plaintiff upon a horse he owned and his interest in the crops. While the mortgage remained partly unpaid, Wager removed from a farm hay of the value of $90 and delivered it to the defendant. Wager owed the defendant a grocery bill and from time to time had agreed to pay him from the produce of the farm, and at the time the hay was delivered the grocery bill amounted to $74.

The plaintiff's chattel mortgage was given June 15, 1910, and was not filed until November 15, 1910. At the time of the execution of the mortgage, Wager owed the defendant $30. The amount of the indebtedness at the time of filing does not appear. The defendant had knowledge of the unfiled chattel mortgage.

[1] The judgment of the Justice Court was reversed upon the ground that the defendant received the hay as a creditor, and the plaintiff's unfiled chattel mortgage was void as to him. The complaint alleged that the plaintiff was the owner of the hay which was produced upon his lands and was entitled to the possession thereof. Irrespective of the validity of the chattel mortgage, Wager could not transfer to the defendant a valid title to the hay as against the plaintiff. The judgment of the Justice Court was therefore proper.

[2] The defendant was not a purchaser in good faith as against the unfiled chattel mortgage, nor was he a creditor within the meaning of the law relating to the filing of chattel mortgages. Ordinarily, a "creditor," to assert the invalidity of an unfiled chattel mortgage, must be a judgment or execution creditor, or one whose rights are being enforced as a creditor, in due legal proceedings. Stephens v. Mercantile, etc., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678.

"With us, the mortgage is void as to simple contract creditors, but such creditors cannot attack it until the recovery of a judgment and the issue of

execution." Skilton v. Codington, 185 N. Y. 89, 77 N. E. 793, 113 Am. St. Rep. 885.

The latter case indicates that, although the creditor has not a judgment and execution, if there is a direct legal proceeding, seeking to enforce his rights, as creditor, the validity of the mortgage may be questioned in his behalf.

The defendant established no right to this property as a creditor. The alleged agreement, when he was furnishing the groceries, that he was to be paid from the produce, gave him no lien or claim upon the property as a creditor, and the delivery of the hay was, in effect, a mere sale to apply upon the indebtedness. The defendant was a purchaser of the hay with a part of the purchase price paid. The position most favorable to the defendant necessarily results in making him a purchaser of the hay, at least, to the extent of its value over and above his debt, for by receiving $90 worth of hay he became indebted to Wager $16, after deducting the grocery bill.

The judgment of the County Court should therefore be reversed, with costs, and the judgment of the Justice Court affirmed, with costs. All concur.