ARTHUR J. HOLMES, Appellant, v. ROBERT N. UTTER and
    NETTIE SCHLOSS, by CYRUS B. LINCOLN, Her Guardian
    ad Litem, Respondents.

Third Department, May 4, 1921.

**Chattel mortgages — unfiled mortgage valid against widow of mort-
    gagor who paid funeral expenses — funeral expenses not debt of
    decedent — widow's exemptions subject to unfiled mortgage.**

An unfiled chattel mortgage given to the plaintiff for the purchase price of
    furniture was valid as against the defendant, the widow of the mortgagor,
    though she had paid her husband's funeral expenses, for by paying the
    funeral expenses she did not become a creditor of her husband, and
    furthermore, *it seems* that an unfiled mortgage is good as against general
    creditors.

The defendant, as widow of the mortgagor, was entitled to have her exemp-
    tions set off to her out of the mortgaged furniture, but subject to the
    mortgage.

APPEAL by the plaintiff, Arthur J. Holmes, from a judgment of the Supreme Court in favor of the defendant Cyrus B. Lincoln, as guardian *ad litem*, entered in the office of the clerk of the county of Delaware on the 14th day of December, 1920, upon the decision of the court rendered after a trial without a jury at the Delaware Trial and Special Term, overruling the plaintiff's demurrer to the answer and directing judgment of no cause of action in favor of the defendant.

Appeal by the plaintiff, Arthur J. Holmes, from a judgment of the Supreme Court in favor of the defendant, Robert N. Utter, entered in the office of the clerk of the county of Delaware on the 14th day of December, 1920, upon the decision of the court rendered after a trial at the Delaware Trial and Special Term, certain specific questions of fact having been submitted to a jury.

*Neish & Neish* [*Alexander Neish* of counsel], for the appellant.

*A. G. Patterson* and *Samuel H. Fancher*, for the respondents.

JOHN M. KELLOGG, P. J.:

The action was brought to recover possession of certain household furniture upon which the plaintiff held an unfiled chattel mortgage, given for the purchase price. Schloss, the mortgagor, died leaving the defendant Nettie Schloss, his widow, and the defendant Robert N. Utter is her guardian. He left no other property. The guardian collected $1,000 of insurance which she had upon the life of her husband, and with it paid his funeral expenses and the cost of a cemetery lot and monument. The furniture being in her possession, she and her guardian claimed that she is a creditor on account of such payments and that the mortgage, being unfiled, is void as against them.

There seems to be some conflict as to whether or not an unfiled chattel mortgage is void as to a general creditor without a lien. We are committed to the view, in *Davidson* v. *Osborne* (151 App. Div. 747), that *Stephens* v. *Meriden Britannia Co.* (160 N. Y. 178) makes such a mortgage void only as to the judgment creditors, or creditors with a lien, and not as to creditors at large. It is unnecessary to discuss the conflict of law upon that question. The funeral expenses, paid by the

widow, were never a debt against the husband; it required a provision of the statute to provide adequate means for securing payment of funeral expenses from a decedent's estate. (Code Civ. Proc. § 2686; Decedent Estate Law, § 176, as added by Laws of 1920, chap. 919.)*

The widow, as such, was entitled to have the exempt property set off to her, but subject to the mortgage. A person in possession of personal property cannot withhold it from a mortgagee, whose mortgage is unrecorded, upon the ground that he has a general debt against the mortgagor. The widow has established no claim valid as against the plaintiff's mortgage.

The judgment should, therefore, be reversed and the demurrer sustained, with costs, with permission to the defendants upon payment of the costs within twenty days to amend answer if so advised.

All concur.

Judgment reversed and demurrer sustained, with costs, with permission to defendants on payment of costs within twenty days to amend answer if so advised.