## AMERICAN & BRITISH SECURITIES CO. v. AMERICAN & BRITISH MFG. CORPORATION.

(District Court, S. D. New York. July 30, 1921.)

**Creditors' suit ⊂⇒33—Receiver may contest mortgage.**

A receiver appointed in a creditors' suit represents all general creditors for whose benefit the suit is brought within the meaning of New York Lien Law, § 230, and may contest the validity of a mortgage on property of the defendant.

In Equity. Suit by the American & British Securities Company against the American & British Manufacturing Corporation. On motion. Denied.

Campbell, Flaherty, Turner & Strouse, of New York City, for receiver.

Louis H. Strouse and William H. Griffin, both of New York City, for petitioners.

Choate, Hall & Stewart, of Boston, Mass., for Charles F. Choate, Jr.

Walter A. Hall, of New York City, for petitioner Empire State Finance Corporation.

William H. O'Hara, of Bridgeport, Conn., for petitioner Blue Ribbon Body Co.

Larkin, Rathbone & Perry, of New York City, for petitioners Wolfe, Wilson, Godfrey, Greebe, and Leary.

Winthrop & Stimson, of New York City, for petitioners G. W. McNear, Inc., and Colt.

Wm. Dewey Loucks, of New York City, for defendant.

LEARNED HAND, District Judge. This motion comes up upon rule nisi and petition to which an opposing affidavit has been filed. From these papers and the other papers on file it appears that this is a sequestration suit in which a simple creditor has with the defendant's consent obtained the appointment of a receiver, alleging that the affairs of the corporation are involved, and that executions and attachments will waste the assets unless the court takes them

over to conserve them. The petition alleges that a third party, a corporation, signed and delivered a note to the defendant which the latter indorsed over to the petitioner, which thus "bought" the note. The answering affidavit alleges that the transaction was a direct loan by the petitioner to the defendant, which took this form. I shall accept this interpretation of the transaction, and also that the collateral pledged was the property of the defendant. This does not certainly appear, but there is no other plausible interpretation, and nothing in the petition contradicts the allegations of the answer. The loan was secured by bills of sale of two motor cars, signed by both the defendant and the third party, and followed by a "trust receipt" signed by the third party corporation in whose possession the cars now are. This third party is apparently an agent for the defendant. Both petition and answer are woefully inartificial, and from their vague statements it is impossible to be certain of just what occurred.

If all this be true, the situation is one of a loan with a pledge, the property remaining in the possession of the pledgee's agents as such, it is in every sense a chattel mortgage, and, as it was not filed, it is void against a creditor. Lien Law (Consol. Laws, c. 33) § 230.

The only question open is whether the receiver represents creditors within the meaning of section 230 of the Lien Law. A trustee in bankruptcy, of course, does so represent them. Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885. Apparently so also would a receiver appointed in a judgment creditors' bill. Kitchen v. Lowery, 127 N. Y. 53, 27 N. E. 357. Here we have a judgment creditors' bill, filed not, it is true, on behalf of a single creditor and after judgment and execution, but for the benefit of all creditors. Under Re Metropolitan Street Railways Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403, such a bill as this must be regarded as equivalent for these purposes to a single creditor's bill after judgment. The prerequisite of judgment and execution is merely procedural, and is waived by the answer consenting to the appointment of a receiver. The receiver when appointed is vested with the same rights as though there had been judgment and execution. He seizes and distributes the assets for the benefit of all creditors, not, as is often supposed, in any sense in the interest of the debtor. Therefore he represents the creditors who can no longer levy on the assets, and as against him an unfiled chattel mortgage is void.

The motion is therefore denied on the ground that the mortgage is void.