## CORNELIUS v. C. C. PICTURES, Inc. *

(District Court, S. D. New York.  February 26, 1924.)

No. 2625.

1. **Chattel mortgages ☞191—Facts held not to show an actual transfer of goods under statute barring change of possession where mortgage is not recorded.**

   Moving picture company's transfer of negatives in the possession of a film laboratory as collateral to secure the payment of transferee's loan to picture company, accompanied by a letter from transferee to film laboratory prohibiting removal of negatives except on transferee's written order, *held* not such a transfer of the negatives as to comply with Lien Law N. Y. §§ 230, 232, making a chattel mortgage not accompanied by actual delivery and followed by an actual and continued change of possession of the things mortgaged void as against mortgagor's creditors, where not filed with register of county in which property is situated.

2. **Receivers ☞77(2)—Invalidity of unfiled mortgage not accompanied by change of possession held available to mortgagor's receiver in so far as he represents creditors without actual notice.**

   Invalidity of chattel mortgage under Lien Law N. Y. §§ 230, 232, making a chattel mortgage, not accompanied by actual delivery and followed by an actual and continued change of possession, and not filed with register of county in which property is situated, void as to mortgagor's creditors, *held* available to mortgagor's receiver, in so far as he represents creditors who had no actual knowledge of mortgage.

3. **Chattel mortgages ☞197(1)—Invalidity of unfiled chattel mortgage, not accompanied by change of possession, not available to creditor who was party to mortgage.**

   Invalidity of unfiled chattel mortgage, not accompanied by change of possession under Lien Law N. Y. §§ 230, 232, is not available to a creditor of mortgagee who was a party to the mortgage.

In Equity. Suit by Harold C. Cornelius against the C. C. Pictures, Inc., in which receivers were appointed for the defendant. On petition by Jacob Wener for sale of certain property of the defendant. Petition denied, with instructions.

Mark Eisner, of New York City, for petitioner.

Wing & Russell, of New York City (Burt D. Whedon, of New York City, of counsel), for receiver.

KNOX, District Judge. Under date of November 2, 1922, Chaplin Classics, Inc., which is now known as C. C. Pictures, Inc., and the defendant in this action, in company with Harold C. Cornelius, the plaintiff herein, made an agreement with Jacob Wener, under the terms of which Wener loaned the sum of $25,000 to the defendant. The loan, which was evidenced by a note of Chaplin Classics, Inc., indorsed by Cornelius, was repayable 90 days from November 2, 1922. As collateral security for the advance made by Wener, the defendant assigned and transferred to Wener, among other things, the negatives of certain moving pictures owned by it, and which were then in the possession of Evans Film Laboratories. In addition to the security provided by the films themselves, the agreement further stated that, as further collateral security for the prompt payment at maturity of the said loan, the defendant should assign to Wener any and all con-

tracts made before the execution of the agreement, or thereafter to be made, for the distribution of the several moving pictures, and of the proceeds of such distribution, together with any and all of such prints made from the negatives, wheresoever the same were located, together with all payments, profits, and income which the defendant might receive as a result of the leasing, exhibition, and distribution of the pictures, and for the purpose of the collection thereof, the defendant was constituted the agent of the said Wener. Coincident with the execution of the agreement, the defendant wrote a letter to Evans Film Laboratories wherein it was told that the several moving picture negatives should not be removed from its establishment save upon the written order of Wener, and also that no prints should be made from such negatives save upon Wener's consent and in such number as he should signify.

Upon the 19th day of January, 1923, Cornelius filed a bill in equity in a conservation suit in the United States District Court for the District of New Jersey. The defendant admitted the allegations set forth in the bill and consented to the appointment of a receiver. On the 20th day of January, 1923, an ancillary bill was filed in this court and receivers of the defendant's properties have been appointed. Default in the repayment of the Wener loan has since occurred, and the court is asked to permit the sale, for Wener's benefit, as provided for in the aforesaid agreement, of the said negatives.

To petition for such authority the receiver of the defendant has filed an answer alleging that the agreement between the defendant Cornelius and Wener constituted a mortgage on the goods and chattels, which was not accompanied by actual delivery, and followed by an actual and continued change of possession of the things mortgaged, and that neither said agreement nor a true copy thereof was filed with the register of the county of New York, in which county the said property was at the time it was mortgaged, as required by sections 230 and 232 of the Lien Law of the state of New York (Consol. Laws, c. 33), and that as a consequence the mortgage is void as against the creditors of the defendant.

The receiver, by way of further defense, also presents that the pictures which Wener asked leave to sell constitute the most valuable assets which the defendant owns, and that, if sold and disposed of at a forced sale, they will bring only a small percentage of their actual value, and will render the defendant incapable of ever being able to meet its obligations, which are in excess of $400,000.

There being no dispute upon the facts, it seems possible to dispose of the legal questions involved upon Wener's petition and the answer thereto. In support of Wener's alleged right to have the relief he seeks, he alleges: First, it is plain there was such physical transfer of the negatives as to sustain the mortgage as valid against all persons; and second, that the receiver in equity, when not appointed on the instance of a judgment creditor, is in no position to attack an unfiled chattel mortgage.

[1] In answer to the first of such propositions, it may be said that the case of American & British Securities Co. v. American & British Manufacturing Corp. (D. C.) 275 Fed. 121, holds to the contrary, and

I do not believe that the facts of this case take it out of the rule there announced. None of the defendant's creditors, except the plaintiff herein, had any means at their disposal of learning of the creation by the defendant of the mortgage given to Wener. As respects all creditors other than Cornelius, the lien, if such it can be called, was secret in its nature, and tended to prejudice their rights. In Strahorn-Hutton-Evans Commission Co. v. Quigg, 97 Fed. 735, 38 C. C. A. 395, it was held that, in order to validate an unrecorded mortgage and to effectuate a substitute for its record, there must be a change of possession of such—

"character to accomplish the full purpose of the recording acts. It must be calculated to give a notice of the claim of a mortgagee as open and effectual as a record of the mortgage. It must be so open, public, actual, and apparent that the creditor or purchaser who undertakes to deal with the property would be likely to receive notice of the possession of the mortgagee, and through that of the lien of the mortgage, before he loaned his money or bought the property. A mere secret written or verbal statement made by or between the mortgagor and mortgagee, and known only to them or to their agents, to the effect that the mortgaged property is delivered to the mortgagee without any apparent or actual change of the immediate control over the property, has no such effect."

In this case the defendant could continue to exploit and lease positive prints of several pictures with every indicia of its ownership and without any notice whatsoever that the said positive prints, the proceeds therefrom, or the negatives from which they were made, were incumbered with any lien of the petitioner. I am constrained to hold, therefore, at least in so far as creditors of the defendants who were not aware of the existence of said mortgage are concerned, that same is not a lien upon defendant's property.

[2] I think, also, that the receiver should properly be held to represent creditors within the meaning of section 230 of the Lien Law. American & British Securities Co. v. American & British Manufacturing Corp., supra. Counsel for petitioner cites a number of state cases which it is suggested are to the contrary effect. Without attempting an analysis of the cases so cited, it will suffice to refer to Davidson v. Osborne, 151 App. Div. 747, 136 N. Y. Supp. 247, in which the court said that the case of Skilton v. Codington, 185 N. Y. 89, 77 N. E. 790, 113 Am. St. Rep. 885, indicates that, although the creditor has not a judgment and execution, if there is a direct legal proceeding, seeking to enforce his rights as creditor, the validity of the (unfiled) mortgage may be questioned in his behalf. That such interpretation is correct is borne out by what was said by Chief Justice Cullen at page 87 of the Skilton Case (77 N. E. 790).

[3] By virtue of the pending proceedings in equity, all of defendant's creditors must be considered as being before the court, and it is my belief that any defenses arising from want of record of the mortgage may be availed of by the receiver for the benefit of the creditors. In this particular instance, however, I think that Cornelius, the plaintiff, and by far the largest creditor of the defendant, is not within the protection to be afforded the other creditors. This is for the reason that Cornelius himself was a party to the mortgage held by Wener, and as to him, there having been neither actual nor

constructive fraud in the execution and delivery of the mortgage, he may not, under these proceedings, have any advantage without the terms of his agreement with Wener.

I will therefore deny the motion to permit Wener to sell the property, but upon any distribution made in the proceedings in equity, the petitioner, Wener, shall have preference and priority over the claims of Cornelius.