CHARLES WEISS, Respondent, v. IMPERATOR REALTY COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, April 9, 1925.

**Mortgages — chattel mortgage — failure of chattel mortgagee to file mortgage within reasonable time bars action against subsequent creditor of mortgagor for interference with chattels.**

A chattel mortgagee, whose mortgage was not filed for more than a year after execution, may not maintain an action against a creditor of the chattel mortgagor, predicated upon an interference with the chattels, since, as to said creditor, whose debt had accrued subsequently, the said mortgage was void, in that it was withheld from filing for an unreasonable length of time.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, in favor of plaintiff in the sum of $1,062.50 after a trial by a judge without a jury.

*Herman & Ernst* [*Harry E. Herman* of counsel], for the appellant.

*Zodikow & Wieder* [*Herman M. Zodikow* of counsel], for the respondent.

PER CURIAM:

On the 6th of May, 1924, one Friedman executed a chattel mortgage on certain office furniture and other goods to plaintiff. On June 1, 1925, Friedman, the mortgagor, became indebted to defendant in the sum of $166.66 for rent pursuant to a lease. On the sixth of June, the due date of the mortgage, it was not paid and the mortgagee the following day went to the defendant accompanied by a marshal and announced that he intended to take possession of the chattels. What happened at that conversation is disputed, but assuming that the defendant requested the plaintiff not to take possession of the chattels, and even assuming that he made some promise in relation thereto, no right of plaintiff was infringed because no right then existed. The mortgage had been withheld from filing throughout all this period, which is as matter of law an unreasonable length of time (*Tooker* v. *Siegel-Cooper Co.,* 194 N. Y. 442), and it was, therefore, void as to defendant, a creditor whose debt had meanwhile accrued. (See *Skilton* v. *Codington,* 185 N. Y. 80, 86; *Davidson* v. *Osborne,* 151 App. Div. 747, 748.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.